PEOPLE ex rel. ELLIOTT-FISHER CO. v. SOHMER, State Comptroller.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

CORPORATIONS (§ 648*)—FOREIGN CORPORATIONS—AMOUNT OF LICENSE TAXES —BASIS.

     License taxes imposed by Tax Law (Laws 1906, c. 474) § 181, upon foreign corporations for the privilege of doing business in the state, should be based on the par value, and not the appraised value, of the capital stock.

     [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2516; Dec. Dig. § 648.*]

Certiorari by the People, on the relation of Elliott-Fisher Company, to review a determination of William Sohmer, Comptroller of the State of New York. Determination confirmed.

This is a certiorari to review the determination of the Comptroller in assessing the relator for the license tax pursuant to section 181 of the tax law (chapter 474, Laws of 1906) for the privilege of doing business in this state and in refusing to make a revision or readjustment of said tax. The relator is a foreign corporation organized under the laws of the state of Dela-

---

ware, and in 1906 was transacting business in this state, and had tangible assets here as well as elsewhere. The Comptroller determined that the amount of its capital stock employed in this state during the year ending October 31, 1906, was $1,030,240, and fixed the license fee thereon at $1,287.80, less the amount of a license fee previously paid, amounting to $122.37.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Corneilus C. Beekman, for relator.

The Attorney General (Franklin Kennedy, Deputy Atty. Gen., of counsel), for defendant.

JOHN M. KELLOGG, J. The only question presented to us is whether the license tax should be based upon the par value or the appraised value of the capital stock.

This license tax first came into our law by chapter 240 of the Laws of 1895, which was entitled "An act to provide for licensing foreign stock corporations." It provided a license fee of one-eighth of 1 per centum, "to be computed upon the basis of the amount of capital stock employed by it within this state during the year preceding that date." The tax was to be paid but once. Chapter 143 of the Laws of 1886 imposed an organization tax of one-eighth of 1 per cent. upon the capital stock of a domestic corporation, and in the year 1895 the Comptroller in his report to the Legislature suggested that foreign corporations were required to pay no organization tax here, and therefore had an advantage over domestic corporations, which was an inducement to corporations to organize outside of the state to transact business in the state, and he suggested that such corporation should have no advantage over domestic corporations, and referred to the fact that the last Legislature had passed an act which would compel foreign corporations to pay a tax similar to the organization tax of domestic corporations, but that the act was so defective that it was not suffered to become a law. It is evident by the passage of the statute in question immediately following the report, and from the nature of the act itself, that its purpose was to impose upon foreign corporations a tax similar to the organization tax required of domestic corporations. Notwithstanding this evident purpose, this court felt compelled by former decisions to hold in People ex rel. Consolidated Ginseng Company v. Kelsey, 105 App. Div. 175, 93 N. Y. Supp. 369, that the license tax was not to be computed on the par value of the stock of the corporation, which decision, June 16, 1905, was affirmed without opinion by the Court of Appeals in 182 N. Y. 526, 74 N. E. 1123.

In People ex rel. Commercial Cable Co. v. Morgan, 178 N. Y. 433, at page 439, 70 N. E. 967, at page 969 (67 L. R. A. 960), in a special franchise case, the court held that the basis upon which the tax was to be computed was, not the issued capital, but the money or property representing the capital; the court saying:

"What, then, is the basis upon which the tax is to be computed? Is it the share stock held by individuals, or is it the capital held by the corporation? The tax is upon the corporation. It would seem to follow that the amount of the tax is to be measured by something that the corporation owns."

It treated "capital stock" and "capital" as equivalent to each other, and this court in the Ginseng Case felt controlled by those considerations.

In his report to the Legislature for the year 1906 the Comptroller called attention to this decision, and the advantage which it gave foreign corporations over a domestic corporation, and continued:

"It is respectfully suggested that section 181 of the tax law be so amended that the domestic corporation is in at least as favorable relation to the taxing power of the state as is the foreign corporation coming within our borders to transact its business."

The Legislature thereupon, by chapter 474 of the Laws of 1906, amended section 181 by inserting the provision:

"The measure of the amount of capital stock employed in this state shall be such a portion of the issued capital stock as the gross assets employed in any business within this state bear to the gross assets wherever employed in business."

I think the history of the legislation up to that time and the use of the words "issued capital stock" in the statute indicates clearly that the par value of the stock issued is to be the basis of taxation, rather than its appraised value. While it cannot be satisfactorily contested that the Legislature intended that the foreign corporation must pay a tax at least as great as the organization tax of the domestic corporation, it is urged upon us that we are precluded from giving the statute that construction by People ex rel. Fifth Avenue Building Company v. Clark Williams, Comptroller, 198 N. Y. 238, 91 N. E. 638, 139 Am. St. Rep. 809. The history of the statutes and of that case indicate otherwise. The license tax originated in an independent statute, designed for a special purpose, and was complete in itself, but in a revision of the tax law for convenience was brought into it and became section 181 of that law.

The Fifth Avenue Case held that the franchise tax of a corporation paying no dividends was to be computed upon the appraised, and not the par, value of the stock. It conceded that section 182, standing alone, might fairly be held to mean otherwise; but that section must be read with section 190, which related to the same subject, and the sections could not in any other way be harmonized and given full effect. But sections 182 and 190 relate to a subject entirely different than 180 and 181, and would not be thought of in connection with this case, were it not for the fact that in the consolidation of the tax laws the provisions relating to the organization tax and the license tax are sections 180 and 181, and the separate provisions as to the franchise tax begin at section 182. These taxes, having a distinct origin and purpose, may be considered separately, and the sections imposing them may be given the same effect as if they had remained separate statutes, and had not been brought together in the revision. The amendment, inserting the word "issued" before the words "capital stock," indicates clearly that the stock referred to is the stock issued, and not the money value representing the stock. I think the clear intention of the Legislature was that this tax should be based

upon the par value of the capital stock which is employed in business in the state.

The determination of the Comptroller was right, and should be confirmed, with $50 costs and disbursements. All concur.