AMERICAN UNIFORM COMPANY, INC., *vs.* COMMONWEALTH.

Suffolk.    November 8, 1920. — January 6, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* Excise on foreign corporation. *Constitutional Law,* Taxation. *Corporation, Foreign:* taxation.

The provision of St. 1909, c. 490, Part III, § 56, as amended by St. 1918, c. 235, "that for the purpose of assessing the excise upon corporations whose stock was issued without a par value one hundred dollars shall be considered par," is not in violation of any provision either of the Constitution of this Commonwealth or of the Federal Constitution.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 9, 1920, and afterwards amended, under St. 1909, c. 490, Part III, § 70, for the abatement of a tax of $2,000 assessed upon the petitioner, a foreign corporation, under Part III, § 56, of that statute as amended by St. 1918, c. 235, and paid by it under protest.

Material allegations of the petition are described in the opinion. The defendant demurred. The case was reserved by *Pierce, J.,* for determination by this court upon the amended petition and the demurrer.

St. 1909, c. 490, Part III, § 56, as amended by St. 1918, c. 235, is as follows:

"Every foreign corporation shall, in each year, at the time of filing its annual certificate of condition, pay to the Treasurer and Receiver General, for the use of the Commonwealth, an excise tax to be assessed by the tax commissioner of one fiftieth of one per cent of the par value of its authorized capital stock as stated in its annual certificate of condition; but the amount of such excise tax shall not in any one year exceed the sum of two thousand dollars: provided, that for the purpose of assessing the excise upon corporations whose stock was issued without a par value one hundred dollars shall be considered par."

*P. D. Turner & Lee M. Friedman,* for the petitioner.

*C. R. Cabot,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J. The petitioner seeks abatement of an excise tax levied on it as a foreign corporation for the privilege of doing business in this Commonwealth under St. 1909, c. 490, Part III, § 56, as amended by St. 1918, c. 235. The latter statute added to the earlier section the words "provided, that for the purpose of assessing the excise upon corporations whose stock was issued without a par value one hundred dollars shall be considered par," re-enacting the section "so as to read" as printed above.

It is now beyond question that the tax imposed by the section before the amendment was a pure excise and was within the power of the General Court both under the Constitution of the Commonwealth and that of the United States. That has been settled. *Baltic Mining Co.* v. *Commonwealth,* 207 Mass. 381, *S. S. White Dental Manuf. Co.* v. *Commonwealth,* 212 Mass. 35, both decisions being affirmed by the United States Supreme Court in 231 U. S.

68. *Cheney Brothers Co.* v. *Massachusetts*, 246 U. S. 147. Whatever invalidity was engrafted upon our foreign corporation tax law by St. 1914, c. 724, was removed on its repeal by St. 1918, c. 76. *Lawton Spinning Co.* v. *Commonwealth*, 232 Mass. 28.

The only question presented by this record is whether St. 1918, c. 235, is unconstitutional in its effect upon the petitioner. The allegations of the petition (which for the purposes of this case must be taken as true under the demurrer), summarily stated, are that the petitioner is a foreign corporation with an authorized capital of one hundred and ten thousand shares of no par value, that it has complied with the laws of this Commonwealth as to doing business here and has filed the required certificate; that it seasonably offered to prove to the tax commissioner that the par value of its shares of stock was not $100 per share and that their actual value did not exceed $10 per share and that the tax commissioner refused to receive evidence and assessed the excise in accordance with St. 1918, c. 235, at $2,000. Shortly, the question is whether it is within the power of the General Court to require that the excise tax on foreign corporations for the privilege of doing local business in Massachusetts, which have issued shares of stock without par value, shall be measured on the basis of $100 per share.

Under the Federal and State Constitutions the transaction of local business within this Commonwealth by foreign corporations is a privilege which may be granted or denied by the Commonwealth. If the sovereignty confers the gift, it may fix its own terms, provided they are not contrary to the Constitution. A fixed excise of $2,000 doubtless might be charged each foreign corporation for the privilege of doing here a local business without violating any right guaranteed by the Constitution of the United States. That is the maximum amount of the excise under any circumstances, no matter how large may be the capital. The excise simply is measured by the par value of the shares up to that fixed maximum. Before the enactment of St. 1918, c. 235, as well as since, the actual value or the market value of the shares has been of no consequence whatever. Two foreign corporations, each of the same amount of capital stock at par, one on the verge of bankruptcy and its stock valueless both in truth and on the market, and the other highly prosperous and its stock both in truth

and on the market worth double its par value, would pay the same excise under the law. The reason for this is that the tax is an excise and not a property tax. It stands on the same footing in this respect in principle as most license taxes. Before the enactment of St. 1918, c. 235, the foreign corporation excise law made no express provision touching those corporations which had issued capital stock without par value. Doubtless it became necessary to make some provision for the excise to be exacted of this class of foreign corporations. It was a practical legislative question how to deal with a somewhat perplexing problem. It would have been unfair to other corporations the actual value of whose stock is less than par, to establish the actual value of the stock of this class of corporations as the measure of the excise. Moreover, to pursue that course would have similitude to a property tax rather than an excise. It would be open to attack on the constitutional ground that it was an attempt to tax property outside the state, a ground held fatal in *International Paper Co.* v. *Massachusetts,* 246 U. S. 135. It is common knowledge that the par value of the shares of very many business corporations is $100 each. It well may be that the General Court had definite knowledge as to facts in this particular. At any rate it was its duty to adopt some measure for the excise to be charged against such corporations, reasonably fair to them as compared with the excise levied on other foreign corporations. Excises upon corporations have been measured in a great variety of ways. *Worcester* v. *Board of Appeal in Tax Matters,* 184 Mass. 460. *A. J. Tower Co.* v. *Commonwealth,* 223 Mass. 371. *Farr Alpaca Co.* v. *Commonwealth,* 212 Mass. 156. *Pratt* v. *Street Commissioner,* 139 Mass. 559. Excises must be reasonable. They cannot be unjustly discriminatory, arbitrary, whimsical or irrational. They cannot be plainly unequal, grossly oppressive or contrary to common right. *Minot* v. *Winthrop,* 162 Mass. 113, 122. *Opinion of the Justices,* 195 Mass. 607. Corporations with capital stock of a par value afford an easy measure for the computation of the excise. There is no such ready at hand measure for the computation of the excise upon corporations having capital stock without par value. Some excise must be exacted from them in fairness to other foreign corporations. The latter would have just ground for complaint if they were exempted altogether. It cannot be deemed oppressive

to enact a general rule as to all such corporations that the excise shall be measured by the par value which most frequently prevails in corporations whose stock has a par value. The maximum which can be levied in any event is reasonable and is the same for all corporations. Such a rule is founded as nearly as may be upon common experience. It works no disparity between corporations with and those without stock of a par value, but is an approximation to equality between the two. There is nothing in St. 1918, c. 235, violative of any provision of the Constitution of this Commonwealth.

We are of opinion that there is nothing in the statute here assailed in conflict with the Fourteenth Amendment to the Constitution of the United States. It was said in *District of Columbia* v. *Brooke*, 214 U. S. 138, 150, that the Fourteenth "Amendment is unqualified in its declaration that a State shall not 'deny to any person within its jurisdiction the equal protection of the laws.' Passing on that Amendment, we have repeatedly decided — so often that a citation of the cases is unnecessary — that it does not take from the States the power of classification. And also that such classification need not be either logically appropriate or scientifically accurate. The problems which are met in the government of human beings are different from those involved in the examination of the objects of the physical world and assigning them to their proper associates. A wide range of discretion, therefore, is necessary in legislation to make it practical, and we have often said that the courts cannot be made a refuge from ill-advised, unjust or oppressive laws." The principle thus stated seems to us to govern the case at bar. The present statute is not a property tax and is not regulative of interstate commerce. *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68. It is not discriminatory or unequal in the sense of denying to the petitioner the protection of equal laws. Absolute equality is impossible even in the operation of laws for the taxation of property. It is even more difficult to arrive at exact uniformity in the operation of excise laws. That is not required by the Constitution. It is enough if they are not unreasonable in the light of all the conditions to which they are likely to apply. The present statute applies evenly to all foreign corporations seeking to avail themselves of the privilege of doing a domestic business within the borders of

Massachusetts and having capital stock without par value. Its design is to put the corporations having capital stock without par value as nearly as may be on the same footing touching excises as those having a capital stock with a par value. The petitioner is not singled out as a special object for hostile or discriminating legislation. It is not easy to perceive any more equitable way of dealing with a somewhat puzzling and difficult question than that adopted by the Legislature. In any event we think it cannot be said that this statute is unequal in its operation, or that it deprives the plaintiff of its property without due process of law.

It is not necessary to point out in detail the wide distinction between the case at bar and *Southern Railway* v. *Greene*, 216 U. S. 400. That there is no real similarity between the two is apparent from the discussion in *White Co.* v. *Commonwealth*, 218 Mass. 558, 579, 580, and *Cheney Brothers Co.* v. *Massachusetts*, 246 U. S. 147, 156, 157, which need not be repeated.

*Petition dismissed with costs.*