THE PEOPLE OF THE STATE OF NEW YORK ex rel. TERMINAL AND TOWN TAXI CORPORATION, Relator, *v.* MICHAEL J. WALSH and Others, Tax Commissioners, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, July 6, 1922.

**Taxation — license tax on foreign corporation — tax to be based on actual capital employed within State and not on assumption that each share without par value has same value as stock with par value — franchise tax — constitutional law — amendment of Tax Law, § 214, by Laws of 1920, chap. 640, providing that shares without par value shall be deemed to have face value of $100 is unconstitutional — said section as it existed prior to amendment is in force — minimum franchise tax determinable on basis of actual capital employed within State.**

In computing the license tax due under section 181 of the Tax Law from a foreign corporation doing business within this State which has issued preferred stock of a specified par value and common stock without par value, the actual capital of the corporation employed within the State must be taken as the basis, and it is improper, for the purpose of assessing the tax, to assume that the stock without par value has a value of $100 per share, which is the par value of the preferred stock.

Under the amendment of section 214 of the Tax Law, which relates to franchise tax on foreign corporations, by chapter 640 of the Laws of 1920, to the effect that for the purpose of determining the basis of the tax on a corporation issuing shares

**652** PEOPLE EX REL. TERMINAL & TOWN TAXI CORP. *v.* WALSH.

Third Department, July, 1922. [Vol. 202

without par value " its shares without par value shall be deemed to have a face value of one hundred dollars each for the purposes of this assessment," the expression " shall be deemed " must be construed to mean that the shares without par value " shall be determined " to have a face value of $100, and as thus construed the amendment is unconstitutional and void.

Since chapter 640 of the Laws of 1920, by which the unconstitutional provision above referred to was sought to be imposed, did not in express terms repeal the reasonable provision of section 214 of the Tax Law, the effect of holding that the amendment is unconstitutional is to reinstate the earlier provision.

Therefore, the minimum franchise tax imposable upon a foreign corporation doing business in this State is determinable by its actual capital employed within the State, as provided by said section 214 as it existed prior to the unconstitutional amendment.

CERTIORARI issued out of the Supreme Court, and attested on the 14th day of April, 1921, directed to Michael J. Walsh and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing, against the relator, Terminal and Town Taxi Corporation, a foreign corporation, a license tax under the provisions of section 181 of the Tax Law, and a minimum franchise tax under the provisions of section 214 of said law.

*Powell & Silver* [*Henry M. Powell* and *Robert Gibson, Jr.*, of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*C. T. Dawes, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The relator is a foreign corporation doing business within the State. It has an authorized capital stock of $1,617,500, consisting of 15,000 authorized shares of preferred stock, and 23,500 authorized shares of common stock. Of the preferred stock only 6,947 shares of the par value of $100 have been issued. The amount paid in for these shares was $694,700. Of the common stock only 13,837 shares have been issued. The certificates for these shares expressed no par value. The amount paid in therefor was $117,500, or about $8.55 per share. Although the total paid-in capital was, therefore, $812,200, the State Tax Commission, in computing the license tax due from relator under section 181 of the Tax Law, and the minimum franchise tax due under section 214 of that law, used as a base the sum of $2,078,400 as representing the capital of relator employed within the State. It arrived at this result by assuming that the value of the issued common stock of relator was $100 per share. The relator complains that this assumption was arbitrary; that it was made in the face of the undisputed proof that the

actual value of each share was $8.55; that it was wholly unauthorized by any provision of law.

1. *The license tax.* This tax, in the instance of the relator, is governed by the provisions of section 181 of the Tax Law as they read just previously to the amendments thereto made by chapter 705 of the Laws of 1921. It was therein provided that every foreign corporation, with certain exceptions not here applicable, doing business in this State, should pay for the privilege of thus doing business a license fee of one-eighth of one per cent, " to be computed upon the basis of the capital stock employed by it within this State, during the first year of carrying on its business in this State." (See Laws of 1917, chap. 490.) The precise language thus quoted was interpreted in *People ex rel. Consolidated Ginseng Co.* v. *Kelsey* (105 App. Div. 175; affd., 182 N. Y. 526). It was there held that the phrase " capital stock" was the equivalent of the word " capital," and that the license tax was to be computed on the basis of the actual amount of capital employed within the State. Section 181, as it read just prior to the amendment of 1921, also provided as follows: " The measure of the amount of capital stock employed in this State shall be such a portion of the issued capital stock as the gross assets employed in any business within this State bear to the gross assets wherever employed in business." This provision was not a part of section 181 when that section was considered in the *Ginseng* case, but was added thereto by chapter 474 of the Laws of 1906. It was considered in *People ex rel. Elliott-Fisher Co.* v. *Sohmer* (148 App. Div. 514; affd., 206 N. Y. 634). It was there held that the phrase " issued capital stock" used in the newly added provision meant " share stock;" that by virtue of such provision the capital taxable under section 181 became ascertainable by applying the proportion specified, not to the total capital as actually valued, but to that sum of money which represented the par value of all issued shares. Thus it was said by J. M. KELLOGG, J., who wrote the opinion of the court: " I think the history of the legislation up to that time and the use of the words ' issued capital stock ' in the statute indicate clearly that the par value of the stock issued is to be the basis of taxation rather than its appraised value." It will be observed that chapter 474 of the Laws of 1906 which added the provision thus under consideration did not repeal or withdraw that provision of section 181 first above noted, which made the tax computable upon " capital stock employed," a phrase which had been interpreted to mean " actual capital." The two provisions, therefore, coexisted in section 181 as that section read prior to the amendment of 1921. They were not inharmonious. The tax continued to be computable upon

**654** People ex rel. Terminal & Town Taxi Corp. *v.* Walsh.

Third Department, July, 1922. [Vol. 202

" capital " employed, but, in case of stock having par value, the measure of such " capital " became the par value of the stock issued. The relator's common stock has no par value. The issuance of stock without par value was first authorized by chapter 351 of the Laws of 1912 (adding to Stock Corp. Law, § 19 *et seq.*, as amd.), and stock of that character was unknown when the above given formula for measuring " capital stock employed " was introduced into the law. That formula necessarily fails in the instance of no par value stock such as the common stock of relator. It does not follow that the tax fails. Measuring " capital stock employed " by the par value of the issued stock is merely a means to an end. The tax is still upon " capital stock employed * * * within this State," and the ascertainment of that amount is not rendered impossible or impracticable by the inapplicability of the statutory rule for ascertaining it. There is no authority in the law for the assumption that non-par value stock has a value of $100 per share for the purpose of assessing the tax under section 181. We think that the tax to which the relator is liable under that section must have as its base the actual capital of relator employed within this State.

2. *The minimum franchise tax.* This tax, in the instance of the relator, was assessable for the year November 1, 1920, to October 31, 1921. It was provided in section 214 of the Tax Law as that law read in the year 1920 (added by Laws of 1917, chap. 726, as amd. by Laws of 1920, chap. 640) that every foreign corporation doing business in this State, with certain exceptions, should be subject to a minimum tax of one mill upon such portion of its " issued capital stock, at its face value," as its gross assets employed within this State bore to its gross assets wherever employed. This section contained the following clause: " If such a corporation has stock without par value, then the base of the tax shall be such a portion of its issued capital stock as its gross assets employed in its business in this State bear to the entire gross assets employed in its business, and its shares without par value shall be deemed to have a face value of one hundred dollars each for the purposes of this assessment." It is contended by the relator that if the expression " shall be deemed " is construed to have the meaning " shall be determined " then the provision has the effect of imposing a discriminatory tax, and is unconstitutional within the authority of *People ex rel. Farrington* v. *Mensching* (187 N. Y. 8).

In the *Mensching* case there was under consideration a law imposing a tax on transfers of certificates of stock. The tax imposed was interpreted to be a tax upon the transfer of every share of stock, and to be the same tax whether the face value or

real value of the share were $1 or $100, or, in other words, a tax not determinable by face value or actual value.   The law was held to be unconstitutional.   Judge VANN, in writing the opinion for the court, said in part as follows: " The act now before us does not classify by arranging according to quality, but by arranging according to accident.   While it places all corporate shares in a class, still it does not treat all members of the class alike, but without method or order bears heavily upon some and lightly upon others, which, in effect, is a further classification.   Thus it imposes the same tax on the sale of dollar shares and hundred dollar shares.   The tax is measured by the number of shares, regardless of face value or actual value.   Shares of the same corporation might be taxed ten times as much, or only one-tenth as much, in one year as compared with the next, if simply the face value of each share were changed, without changing the aggregate of the face value of all the shares, or the amount of capital invested, or the value of the assets in which it was invested.   Shares are so classified as to tax the sale of those issued by one corporation several times as much as those issued by another of the same kind and in exactly the same situation, without any reason for the distinction."

We cannot escape the conclusion that the expression " shall be deemed," as employed in the provision under consideration, does have the force of " shall be determined."   The compulsory valuation of $100 required by the provision as thus construed to be placed upon every share of no par value stock is entirely arbitrary, and necessarily would result in unequal taxation.   It would require corporations having issued stock of the actual value of $5 per share to pay the same tax per share as corporations having issued stock the shares of which were in fact worth $1,000 per share.   It might have the result of compelling corporations, employing in this State a capital of only $1,000, to pay, for the privilege of doing their limited business, the same taxes as corporations employing within the State a capital of $200,000.   The words above quoted from the opinion of Judge VANN in the *Mensching* case apply with equal force to the tax sought to be imposed in the case at bar under the provision quoted from section 214 of the Tax Law, and compel the conclusion that the provision is unconstitutional.

Section 214 of the Tax Law, as it read prior to the enactment of chapter 640 of the Laws of 1920, did not contain the objectionable provision which we regard as unconstitutional.   The law then provided for a minimum tax of not less than one mill upon each dollar of the issued capital stock of a foreign corporation apportioned to this State.   (Laws of 1919, chap. 628, § 6.)   It also provided as follows:   " If such a corporation has stock without par value,

then the base of the tax shall be on such a portion of its paid in capital as its real and tangible personal property in this State bears to its entire real and tangible personal property." (Laws of 1919, chap. 628, § 6.) This was an entirely reasonable provision, and imposed a tax which would bear equally upon all foreign corporations. Chapter 640 of the Laws of 1920, by which the unconstitutional provision above referred to was sought to be imposed, did not in express terms repeal the reasonable provision of section 214 of the Tax Law which we have referred to. The effect of our holding that the later provision is unconstitutional is, therefore, to reinstate the earlier provision. (*People ex rel. Farrington* v. *Mensching, supra.*) The minimum franchise tax imposable upon relator is, therefore, determinable by its actual capital employed within the State.

The determination of the State Tax Commission should be annulled, and the case remitted to the Commission for further action in accordance with this opinion.

All concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission for further action in accordance with the opinion.