COMMERCIAL CREDIT CO. v. TAIT, Internal Revenue Collector.

(District Court, D. Maryland. December 22, 1924.)

No. 1736.

1. Statutes ⊜⇒219—Departmental regulations not themselves clear not controlling in construction of ambiguous statute.

The rule that, where statute is ambiguous, departmental construction is entitled to great weight, and ought not to be overruled without cogent reasons, is not controlling, where departmental regulations themselves are not clear.

2. Internal revenue ⊜⇒11—Tax on corporate certificates of no par value computed without reference to number of shares.

Under Revenue Act Nov. 23, 1921, tit. 11, § 1100, and § 1107, schedule A–2 (Comp. St. Ann. Supp. 1923, §§ 6318i, 6318p), providing tax on certificates of stock, *held* that certificates of no par value are taxable on value of each certificate without regard to number of shares included therein.

3. Statutes ⊜⇒181(2)—Construction causing injustice or inconvenience avoided, if possible.

A construction that would occasion great inconvenience or produce inequality and injustice is to be avoided, if another more reasonable interpretation is possible.

At Law. Action by the Commercial Credit Company against Galen L. Tait, Collector of Internal Revenue. On demurrer to complaint. Demurrer overruled.

Sylvan Hayes Lauchheimer and Malcolm H. Lauchheimer, both of Baltimore, Md., for plaintiff.

Amos W. W. Woodcock, U. S. Atty., of Baltimore, Md., and Nelson T. Hartson, Sol. of Internal Revenue, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

SOPER, District Judge. The Commercial Credit Company, a Delaware corporation, on January 21, 1924, issued 48,000 additional shares of common stock, without par value, each share thereof having an actual value of $22.50. One hundred and thirty-two certificates of stock were issued in varying amounts. The company paid as an issue tax, pursuant to title 11, § 1107, sched-

ule A–2, of the Revenue Act of 1921 (42 Stat. 227, 301, 303 [Comp. St. Ann. Supp. 1923, § 6318p]), the sum of $542.38, but the government demanded an additional tax on said issue of $419.62, making a total tax of $962. The company paid the additional sum on February 5, 1924, under protest, and now brings suit to recover it. The government demurs.

The statute imposing the tax is as follows:

"Sec. 1100. That on and after January 1, 1922, there shall be levied, collected, and paid, for and in respect of the several ~ * * * certificates of stock * * * mentioned and described in schedule A of this title, * * * by any person who makes, signs, issues * * * the same * * * the several taxes specified in such schedule." (Section 6318i).

"Schedule A–2. *Capital stock, Issued.* On each original issue, whether on organization or reorganization, of certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, on each $100 of face value or fraction thereof, 5 cents: Provided, that where a certificate is issued without face value, the tax shall be 5 cents per share, unless the actual value is in excess of $100 per share, in which case the tax shall be 5 cents on each $100 of actual value or fraction thereof, or unless the actual value is less than $100 per share, in which case the tax shall be 1 cent on each $20 of actual value, or fraction thereof."

The government contends that the tax on an issue of capital stock of no par value is measured by the value of each share taken separately, whilst the company contends that the tax is measured by the value of each certificate of stock taken as a whole, no matter how many shares of stock it represents. If the term "certificate" is taken to mean the group of shares represented thereby, the question may be more briefly stated: Is the tax measured by the value of each share or by the value of each certificate?

The practical significance of the distinction is illustrated by the facts of this case. The tax on an issue of stock, without par value, which is worth less than $100 per share, is 1 cent on each $20 of actual value or fraction thereof. Consequently, if a share is not worth precisely $20 or some multiple thereof, there is a fractional value to be considered. The shares issued by the company were worth $22.50 each. If the tax is computed on each share separately, it amounts to 1 cent on the value of $20, and 1 cent on the fractional excess of $2.50, or

2 cents on each share. On the other hand, if the tax is reckoned by the value of the certificate, then, no matter how many shares are included therein, there can be in the case of each certificate only one fractional value, if any, bearing a tax of 1 cent. Using the government's method, the tax payable in this case was 2 cents per share on 48,000 shares, or $960; but, employing the company's theory, the tax would have been $540, if there had been no fractional value, for there was a total value of $1,080,000 taxable at the rate of 1 cent on each $20. The stock, however, was issued in 132 certificates of varying amounts, and there occurred 38 instances in which the value of the certificate was not an exact multiple of $20. Therefore the tax was 38 cents additional, or $540.38 in all.

Regulations 40, issued by the Treasury Department under the Revenue Act of 1921, c. 136 (42 St. 227), contain the following relevant provisions:

"Art. 2. *Rate of Taxation.* (a) All certificates or instruments, of whatever designation, having a par or face value, representing shares of stock, or of profits, or of interest in property or accumulations, issued by any corporation, joint-stock company or association, are subject to tax at the rate of 5 cents on each $100 of the face value or fraction thereof.

"(b) All certificates of stock, or of profits, or of interest in property or accumulations issued by any corporation without par or face value, are subject to the tax of 5 cents per share unless the actual value is in excess of $100 per share, in which case the tax shall be 5 cents on each $100 of actual value or fraction thereof, or unless the actual value is less than $100 per share, in which case the tax shall be 1 cent on each $20 of actual value or fraction thereof.

"Art. 3. *Computation of the Tax.* (a) The tax is computed upon the par or face value, if the certificates have a face value, of the certificates of stock, or of profits, or of interest in property, or accumulations, of any corporation, joint-stock company or association, as set forth in the articles of incorporation or agreement of association or of partnership, whether such par or face value appears on the face of the certificate or not.

"(b) Where a certificate represents more than one share of stock (however large the number of shares), on the issue of such certificate, the tax is reckoned on its par or face value, and not on the par or face value of each separate share of stock which it represents.

"(c) The tax, on original issue, is measured not by the amount paid in, on, or for the stock, but by the par or face value in the case of shares having a face value; and by the actual value in the case of shares without face value.

"(d) In the case of stock without par or face value, the actual value of the stock is to be determined by the market price of each share."

It is noteworthy that article 3(b) specifically declares that in the case of a certificate having face value and representing more than one share of stock (however large the number of shares), the tax is reckoned on the face value of the certificate and not on the face value of each separate share. There is no explicit statement of a different method to be applied to a certificate of no par stock. Article 2(b), which repeats substantially the language of the proviso of schedule A–2 of the statute, leaves the question open for construction. Nevertheless the government contends that the tax on a certificate of no par stock is measured by the value of the share, and not by the value of the certificate.

The government's argument is based on the following language of the proviso: "That where a certificate is issued without face value, the tax shall be 5 cents per *share*, * * * unless the actual value is less than $100 per *share*, in which case the tax shall be 1 cent on each $20 of actual value or fraction thereof."

The word "share" is emphasized. It is urged that, since the tax is reckoned at 5 cents per share when the actual value of the share is exactly $100, the tax must also be reckoned upon the value of the share when its value is less (or more) than $100.

There is force in the argument if the proviso is construed apart from the remainder of schedule A–2, and if the consequences of the interpretation are not taken into consideration. The expression "that where a certificate is issued without face value, the tax shall be 5 cents per share," is precise and definite, and, if there were no more, it would be clear that the tax was assessed on the share and not on the certificate; but, when the other provisions of the clause in question are considered, it is seen that the phrase just quoted may have been used instead of the more awkward phrase "that where a certificate is issued without par value, and the actual value of the stock is $100 per share, the tax shall be 5 cents on each $100 of value." No matter whether the tax is computed on the value of the share, or the value of the certificate, the same result follows from the provisions that the tax shall be 5 cents per share where the share is worth $100, so that the phrase is not inconsistent with either interpretation.

[1] It may be conceded that, where there is ambiguity in the language of a statute, the construction of the department having the administration of it is entitled to great weight, and ought not to be overruled without cogent reasons (U. S. v. Cerecedo Hermanos y Compania, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821), but in this case the regulations themselves do not speak with great clearness, and considerations of much force compel the conclusion that the government's contention cannot be sustained.

In the first place it should be noticed that the tax is on the certificate and not on the share. See section 1100 of the act, supra; Malley v. Bowditch, 259 F. 809, 170 C. C. A. 609, 7 A. L. R. 608. This is not conclusive, since the tax may be levied on the certificate and calculated with reference to the value of the shares, but it is significant that in the section preliminary to schedule A–2 the certificate and not the share was contemplated.

In the next place, when the nature of the two kinds of stock is considered, no obvious reason suggests itself for the employment of different methods in the calculation of the tax. Stock having par value is presumed to represent the payment or transfer to the corporation of capital equal to the face value of the stock. Although this parity between actual capital and face value need not be and actually is not maintained in the course of business, yet at the time of original issue, when under the statute the tax is imposed, the corporation ordinarily holds out by the issue of stock that capital of the face value has been received therefor. On the other hand, the issue of stock without par value involves no representation of value. The device of modern origin, dating from the year 1912, when the first statute of the kind was enacted in New York, was adopted, among other reasons, for the purpose of avoiding the false representations sometimes involved in the issuance of par value stock. The very purpose of no par stock is that it shall be accepted at its actual, rather than at any alleged, value appearing on its face. It was therefore reasonable that in fixing the taxation for the two classes of stock Congress should make the alleged value the basis of taxation in one case, and the actual value the basis of taxation in the other. Except for this distinc-

tion, there was no apparent reason for a different treatment, and specifically there was no reason to tax in one case the fractional value of the certificate, and in the other the fractional value of the share.

[2] If the syntax is considered, the matter to be determined is whether in the proviso relating to no par stock the word "value" modifies the word "certificate" or the word "share." The proviso begins as follows: "Where a certificate is issued without face value, the tax shall be 5 cents per share, unless the actual value is in excess of $100 per share." In this clause there is a contrast between the words "face value" and the words "actual value." Both expressions relate to the certificate. It is the certificate which is without face value, and it is the certificate which is to be taxed at the rate of 5 cents per share, unless the actual value (of the certificate) is in excess of $100 per share. Similarly it is clear that in the phrase "the tax shall be 5 cents per share on each $100 of actual value" it is the value of the certificate which is intended.

The inequalities attendant upon the practical operation of the statute, as construed by the government, are obvious. An issue of share of stock worth $22.50 each, as in the present case, would be taxed at precisely the same figure as shares of stock worth $40 per share, or in each case 2 cents per share. A certificate of 1,000 shares of the value of 10 cents per share, or a total value of $100, would be taxed $10. A certificate of 100 shares of the value of $1 per share, or a total value of $100, would be taxed $1, and a certificate of 5 shares of the value of $20 per share, or a total value of $100, would be taxed 5 cents. It is suggested by the government that it may have been the intention of Congress so to arrange the tax that the smaller the value of the shares the greater the amount of the tax in proportion to their value. Such an intention is conceivable, but again there is no explanation for limiting the application of the plan to no par stock.

It is not necessary to hold that the statute, as interpreted by the government, is so wholly arbitrary in its application as to amount to a confiscation of property, and therefore conflicts with the due process clause of the Fifth Amendment to the Constitution. Labelle Iron Works v. United States, 256 U. S. 377, at page 392, 41 S. Ct. 528, 65 L. Ed. 998; Brushaber v. Union Pacific Ry. Co., 240 U. S. 1-24, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713.

2 F.(2d)—55

See the following cases in state courts in which state statutes, for purposes of taxation, attempted to give an arbitrary value to shares of no par stock without reference to the real value, and were held to be unconstitutional: People v. Walsh, 202 App. Div. 651, 195 N. Y. S. 184; Roberts & Schaefer Company v. Emmerson, 313 Ill. 137, 144 N. E. 818. Contra: American Uniform Co. v. Commonwealth, 237 Mass. 42, 129 N. E. 622.

See, also, Airway Electric App. Corp. v. Day, 266 U. S. ——, 45 S. Ct. 12, 68 L. Ed. ——.

[3] Without reference to the question of constitutionality, it is settled that, where a particular construction of a statute would occasion great inconvenience, or produce inequality and injustice, that view is to be avoided if another more reasonable interpretation is possible. Knowlton v. Moore, 178 U. S. 41–77, 20 S. Ct. 747, 44 L. Ed. 969.

The demurrer will be overruled.