CROWN CORK & SEAL CO., Inc. v. UNITED STATES.

No. 49006.

United States Court of Claims.

Decided Dec. 5, 1950.

N. Barr Miller, Washington, D. C., for plaintiff. J. Marvin Haynes and F. Eberhart Haynes, Washington, D. C., on the briefs.

H. S. Fessenden, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

This is a suit to recover the cost of documentary stamps which the Government required the plaintiff to purchase and cancel when it issued certain shares of stock. The plaintiff contends that most of the shares issued were not taxable.

In 1945 the plaintiff issued 147,533 shares of new $2 cumulative preferred stock in exchange for the same number of old $2.25 cumulative preferred stock. The old stock had a stated value of $42.50 per share and the plaintiff's capital stock account, before the exchange, included $6,270,152.50 to represent the 147,533 shares at $42.50 per share. At the time of the issuance of the new shares the plaintiff transferred from its earned surplus account to its capital stock account, $368,832.50, which was $2.50, the increase in the stated value of each share of the new stock over that of the old, multiplied by 147,533, the number of shares. After the transfer, therefore, the capital stock account showed $6,638,985 as the value of the 147,533 shares of the new stock. The plaintiff says it was taxable only on the $368,832.50, the amount of the increase in the stated value of the new shares over the old. The Government required the plaintiff to pay a tax on $6,638,-985, the entire stated value of the new shares.

Section 1800 and 1802(a) of the Internal Revenue Code, 26 U.S.C.A. §§ 1800, 1802 (a), at the time here in question, said:

Sec. 1800. Imposition of Tax.

"There shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in sections 1801 to 1807, inclusive, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, the several taxes specified in such sections."

Sec. 1802. Capital Stock (and Similar Interests).

"(a) Original issue. On each original issue, whether on organization or reorganization, of shares or certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, * * * on each $100 of par or face value or fraction thereof of the certificates issued by such corporation * * *, 11 cents: Provided, That where such shares or certificates are issued without par or face value, * * * the tax shall be 3 cents on each $20 of actual value, or fraction thereof, of such certificates (or of the shares where no certificates were issued)".

The key word, so far as concerns this case, is the word "original" in Section 1802. That word was in the Spanish War Revenue Act of 1898, 30 Stat. 458, and has been in all pertinent statutes since that time. There has, therefore, been a considerable amount of administrative and judicial construction of the word, yet its meaning, as applied to various situations, is still dis-

puted. At first the Department of the Treasury took the position that no tax was payable upon the exchange of certificates of one class of stock for certificates of another class of stock previously issued. See T.D. 20,649, February 7, 1899; T.D. 2051, March 9, 1914. But in T.D. 2752, a regulation issued in connection with the War Revenue Act of 1917, the Treasury took the opposite position.

The courts, however, refused to apply the Treasury's new doctrine. Cuba Railroad Co. v. United States, 60 Ct.Cl. 272; Edwards v. Wabash Ry. Co., 2 Cir., 264 F. 610; Cleveland Provision Co. v. Weiss, D.C., 4 F.2d 408. The effect of these decisions, and others, is that if shares have been issued evidencing the ownership of corporate capital, the issuance of other shares representing the same amount of capital, to the same stockholders, in exchange for the shares formerly issued, is not an "original issue" within the meaning of the tax statute.

The Treasury now concedes that an exchange of new stock for old, without the dedication of additional capital, is not taxable, Treasury Regulations 71, Sec. 113.25; and that where there is an exchange of new stock for old, and at the same time the sale of other new shares, only the new shares sold are taxable, M.T. 8 C.B.1943, p. 1165. But where, as in the instant case, the new shares represent not only the capital represented by the old shares, but some addition to that capital, the Treasury contends that all of the new shares are fully taxable. The plaintiff, on the other hand, contends that only such proportion of each new share, or such number of the new shares as is proportionate to the addition to the capital, are taxable.

In United States v. Pure Oil Co., 7 Cir., 135 F.2d 578 the corporation had preferred stock outstanding with accumulated unpaid dividends. A new preferred stock paying a lower dividend was authorized, and the corporation issued to each holder of old stock new stock on a share-for-share basis, and also issued to each holder of old stock an additional number of shares of new stock representing the unpaid dividends.

The shareholders thus received 320,341 shares of new stock in exchange for 264,226 shares of old stock. The Treasury urged that the entire 320,341 shares of new stock were taxable, for their entire capital value. The court held that they were taxable only to the extent of the new capital, the amount of the unpaid dividends represented by them. See also Rio Grande Oil Co. v. Welch, 9 Cir., 101 F.2d 454, where five new shares were issued in exchange for each old share, and the corporation at the same time added $32,538,744.62 to its former capital account of $6,000,000, the addition representing an appreciation of its assets. The court held that the addition to the capital account was taxable. The Government did not, apparently, contend that the entire new issue was taxable.

In the instant case the Government urges that the fact that definite shares of the new issue cannot be identified as having been issued against the increase in the capital requires that the entire new issue be taxed. It quotes the language of the District Judge in Southern Pacific Co. v. Berliner, D.C.N.D.Cal., 78 F.Supp. 696, 697 as follows:

"This is true because the tax is not on the capital behind the shares of stock but is measured by the par value of the shares (or actual value if not par value shares) represented by each stock certificate."

It also quotes from the opinion in the court in American Gas & Electric Co. v. United States, D.C.S.D.N.Y., 69 F.Supp. 614, 620, where the taxpayer sought, as in the instant case, to limit the tax to the amount added to its capital account at the time of the exchange of the new stock for the old. The court said: "But that is impossible here, for the shares as to which such a distribution or dividend might properly be said to have been made cannot be identified and segregated from the others. * * * Moreover, the tax is imposed upon each certificate issued. No tax is imposed upon the issuance of part of a certificate. As appears from the scheule attached to its claim for refund, plaintiff's position really is that the tax should have been imposed

only on $6.0005 of each certificate issued. No support for this position can be found in the statute."

■ The question is a troublesome one, and we are by no means free from doubt. But on the whole, we think that the test contended for by the Government, and applied in the two cases last above cited, is too purely mechanical a test to be controlling. It imposes the tax upon the entire new issue in situations not different in substance from that in the Pure Oil Co. case, supra, where each owner of old shares got some of that part of the new shares which represented the addition to the capital. To be sure, he got a specified number of shares, but they were, in all respects, exactly like his other nontaxable new shares. So far as appears, they were evidenced by the same certificate as his nontaxable shares, so that if the stamps had been placed upon the certificate itself, it would have been necessary to look behind the certificate to discover why a certificate evidencing, say ten shares, had been taxed for only two of those shares. And it would be impossible to determine which two of the ten had been taxed.

In practice the stamps are not placed upon the certificates, but upon the stock book of the corporation, and there would seem to be no reason why, on that book, a proper number of the new shares could not be attributed to the addition to capital, and taxed. Again, a proportionate part of each share could be taxed, and no mechanical difficulty would be encountered. And in either case the result would be the one which this court and other courts have, in general, deduced from the statute, that the same corporate capital in the hands of the same stockholder should be taxed only once, under Section 1802(a), even though the evidence of his ownership is changed.

■ The Government urges that the amendment to Section 1802(a) made by the Act of August 8, 1947, c. 518, 61 Stat. 921, 26 U.S.C.A. § 1802, which amendment made transactions such as that here involved taxable only to the extent here contended for by the plaintiff, proves that Section 1802(a), before that amendment, did not have the meaning for which the plaintiff contends. We think that does not follow. We think it proves only that the Treasury and Congress, to whatever extent Congress was familiar with the details of the problem, and with the annoying disputes that had arisen under Section 1802(a), thought that the section should be clarified. The fact that they thought it should be clarified to state clearly what we here hold to have been its meaning, though not clearly expressed, fortifies us in our belief that we have reached a just decision.

The plaintiff is entitled to a judgment for $9,957.46.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.