**WESTINGHOUSE ELECTRIC CORP.
v. UNITED STATES.**

Civ. No. 8905.

United States District Court,
W. D. Pennsylvania.

April 30, 1951.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Cravath, Swaine & Moore, New York City, for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, F. A. Michels, Sp. Assts. to Atty. Gen., Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for defendant.

FOLLMER, District Judge.

Suit was instituted for the refund of $4,398.57 representing one-half of a total of $8,797.14 taxed by the Government under Section 1802(a) of the Internal Revenue Code, 26 U.S.C.A. § 1802(a) as the cost of documentary stamps on an issue of 79,974 shares of preferred stock. The transaction was in December 1946, and prior to the 1947 Amendment to Section 1802(a) supra, which became effective August 8, 1947. Plaintiff has filed a motion for judgment on the pleadings. The admitted facts pertinent to the question are as follows:

A merger of two wholly owned subsidiary corporations into the parent plaintiff corporation was effected on December 10, 1946. In connection therewith, plaintiff's issued and outstanding 319,896 shares of 7% Preferred Stock (Par $12.50) of a total par value of $3,998,700 were converted into new preferred and common stock, namely, 79,974 shares of 3½% Cumulative Preferred Stock (Par $100) of a total par value of $7,997,400 (being twice that of the originally outstanding stock) and 159,948 shares of common stock (Par $12.50) of a total par value of $1,999,350. The increase of $3,998,700 in value of the new preferred stock and the $1,999,350 for the common stock were covered by a transfer of those amounts from plaintiff's surplus account to its capital account. The common stock was an original issue covered entirely by transfer of funds from surplus to capital account. The tax upon the issuance of such shares was paid and is not contro-

verted by plaintiff. The sole question is whether the entire issue of new preferred stock or only one-half thereof represented by additional capital is taxable as an original issue.

Section 1802(a) of the Internal Revenue Code prior to the 1947 Amendment provided for a tax "On each original issue, whether on organization or reorganization, of shares or certificates of stock * * * by any corporation * * *." The difficulty arose in connection with the interpretation of the term "original issue." Because of the fact that there was some conflict Congress amended Section 1802(a), supra, by adding "* * * *Provided further,* That where such certificates * * * are issued in a recapitalization, the tax payable shall be that proportion of the tax computed on such certificates or shares issued in the recapitalization that the amount dedicated as capital for the first time by the recapitalization, whether by a transfer of earned surplus or otherwise, bears to the total par value * * * of such certificates or shares issued in the recapitalization. * * *"

This amendment became effective August 8, 1947, and was not retroactive, otherwise it would be fully determinative of the matter in plaintiff's favor. The Committee Report covering the amendment reccognized "* * * At present, in some cases, the tax imposed under section 1802 on capital stock issues, once levied, must be reimposed upon part of a new capital stock issue. * * *"

And the Report continues "Your committee sees no justification whatever for permitting these inequities to continue. * * *"[1]

The Government contends that the present case falls within that category of new issues where the tax must, under the old Act, be imposed on the entire issue. We do not concur.

■■ Where additional capital is added, whether as new capital or transfer of surplus to capital account, the stock issued therefor is without question an original issue and taxable as such.[2] On the other hand, the issuing of new stock to the holders of the old stock in the nature of a split-up; the issuing of no par value stock for par value, or vice versa; or issuing new stock in exchange for old, with different rights, as for example, a change in the dividend rate of preferred stock, do not constitute such new issue an original issue.[3]

Four cases are referred to by the Government as sustaining its position in the present instance. Rio Grande Oil Co. v. Welch, 9 Cir., 1939, 101 F.2d 454, involved a new issue of 2,000,000 shares, no par stock, in place of an issue of 400,000 shares, $25 per share par value, of which 240,000 shares ($6,000,000) were outstanding. The capital structure was also increased by $32,538,744.62. In view of the fact that a credit had been allowed for the $6,000,000 representing the outstanding shares, the sole question was whether the new issue, to the extent that it represented additional capital, was taxable as an original issue.[4] Plaintiff here does not contend that the new issue, to the extent that it represents additions to capital, is not taxable.

Southern Pacific Co. v. Berliner, 9 Cir., 176 F.2d 671, 673, deals primarily with the proposition that book entries alone are not decisive on the question of whether an actual increase in capital has occurred. On

1. Committee Report, Re P.L. 387 (H.Rep. No. 969, 80th Congress, 1st Session, 1947).

2. American Gas & Electric Co. v. United States, D.C.S.D.N.Y., 69 F.Supp. 614.

3. Crown Cork & Seal Co., Inc., v. United States, Ct.Cl., 1950, 94 F.Supp. 117; United States v. Pure Oil Co., 7 Cir., 1943, 135 F.2d 578; California Electric Power Co. v. United States, D.C.S.D. Cal., 1950, 89 F.Supp. 269, affirmed, 9 Cir., 187 F.2d 313; American Gas &

Electric Co. v. United States, D.C.S.D. N.Y., 69 F.Supp. 614; Southern Pacific Co. v. Berliner, 9 Cir., 1949, 176 F.2d 671; American Laundry Machinery Co. v. Dean, D.C.S.D.Ohio, 292 F. 620.

4. That the original capital was not re-taxed is shown in the opinion of the lower court (D.C.S.D.Cal.) reported at 38-2 U. S.T.C. Par. 9450. See also comment of Judge Madden in Crown Cork & Seal Co., Inc., v. United States, Ct.Cl., 94 F. Supp. 117, 119.

the issue of taxability the decision is predicated on the proposition that under the particular circumstances of that case "the new and old capital were so intermingled that it was impossible to allocate to the new capital any of the no par value shares, hence the entire issue of no par stock was subject to the stamp tax as an original issue."

American Gas & Electric Co. v. United States, D.C.S.D.N.Y., 69 F.Supp. 614, was decided on the same ground of impossibility of separating original capital from the amount added to capital account by allocating specific shares to each. The court said: 69 F.Supp. at Page 620 " * * * that is impossible here, for the shares as to which such a distribution or dividend might properly be said to have been made cannot be identified and segregated from the others."

■ W. T. Grant Co. v. Duggan, 2 Cir., 94 F.2d 859, has no bearing here. There the outstanding shares were not exchanged. A new issue of like amount was distributed to the stockholders as a stock dividend. Such an issuing of stock as a dividend has been repeatedly recognized as an addition to capital structure and taxable as an original issue.[5]

■ Whether or not the test applied in Southern Pacific Co. v. Berliner, supra, and American Gas & Electric Co. v. United States, supra, "is too purely mechanical a test to be controlling",[6] there is no such difficulty in separation in the present case. Eight shares preferred ($12.50 par each) of the original stock is represented in the new issue by two shares of the new preferred ($100 par each), of which one share would cover old capital and one share additional capital. Viewing the problem practically and with due regard to the equities involved, exactly one-half of the new issue of preferred stock represents new or additional capital. That only is a new or original issue. The other one-half of such issue is unquestionably an exchange for the prior issue on which the tax had already been paid and should not have again been taxed. No purpose would be served by repeating the discussion of the principles and equities involved since they have already been ably covered in California Electric Power Co. v. United States, D.C.S.D.Cal., 89 F.Supp. 269, affirmed, 9 Cir., 187 F.2d 313,[7] and Crown Cork & Seal Co., Inc., v. United States, Ct.Cl., 94 F.Supp. 117. With the rationale of those opinions this Court is in full accord. The plaintiff is entitled to a refund of $4,398.-57. Plaintiff's motion for judgment on the pleadings is granted.

Let Order be submitted by plaintiff in accordance herewith.

---

5. American Gas & Electric Co. v. United States, D.C.S.D.N.Y., 69 F.Supp. 614, 619.

6. Crown Cork & Seal Co., Inc., v. United States, Ct.Cl., 94 F.Supp. 117, 120.

7. The affirmance by the Ninth Circuit in California Electric Power Co. v. United States, supra, clearly indicates that it has no intention of extending the scope of its previous decisions in Rio Grande Oil Co. v. Welch, supra, and Southern Pacific Co. v. Berliner, supra.