**KENTILE, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 17781.**

United States District Court
E. D. New York.

Oct. 11, 1957.

Trachman & Krosner, New York City, for plaintiff, Irving R. Krosner, New York City, of counsel.

John N. Stull, Acting Asst. Atty. Gen., James P. Garland, George Elias, Jr., Attys., Dept. of Justice, Washington, D. C., Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Robert C. Carey, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff herein moves for summary judgment in its favor in the sum

of $10,032.15, alleged to have been erroneously levied and collected by the defendant for Documentary Stamp Taxes.

The question herein is whether transfers by the defendant corporation from its surplus account to its capital account, unaccompanied by the issue of new or additional shares to its stockholders, are subject to the stamp taxes imposed by 26 U.S.C.A. §§ 1800, 1802.

The essential facts, not disputed, in substance are:

1. The plaintiff, a New York Corporation, issued 21,185 shares of no par value common stock, valued at $100 per share, or a total of $2,118,500.

2. Thereafter and on May 5, 1950, the plaintiff, through action by its directors, increased the stated value per share from $100 to $200 and effectuated the increase by transferring the sum of $2,118,500 from its earned surplus to its common stock capital account, resulting in a new stated capital for such shares of $4,237,000.

3. In each of the years 1951, 1952 and 1953 similar action was taken by the plaintiff, whereby additional transfers totalling $6,355,500 were effected.

4. No new certificates or shares of stock were issued in connection with any of the said transfers to the capital stock account. The plaintiff did not affix any Federal Documentary Stamps to its stock books or other records.

The Government's position, as stated in its brief is that a dedication of amounts from a corporation's surplus account to its capital stock account constitutes an issue of shares and/or of profits and/or of interest in property or accumulations under Section 1802(a), regardless of whether or not such a dedication is accompanied by an increase in the number of shares outstanding, or by a physical delivery to the stockholders of new or different certificates.

The plaintiff contends, in substance, that the provisions of the statute do not require the payment of stamp taxes where as in this case no stock was issued, in connection with or accompanying the transfer of funds to the capital stock account.

The pertinent parts of the said statute are as follows:

"§ 1800. Imposition of tax.

"There shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in sections 1801 to 1807, inclusive, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, the several taxes specified in such sections. * * *"

"§ 1802. Capital stock (and similar interests)

"(a) Original issue. On each original issue, whether on organization or reorganization, of shares or certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, or by any investment trust or similar organization * * * (whether or not such investment trust * * * constitutes a corporation within the meaning of this title), on each $100 of par or face value * * * of the certificates issued by such corporation or by such investment trust or similar organization (or of the shares where no certificates were issued), 11 cents: Provided, That where such shares or certificates are issued without par or face value, the tax shall be 11 cents per share (corporate share, or investment trust or other organization share, as the case may be), unless the actual value is in excess of $100 per share; in which case the tax shall be 11 cents on each $100 of actual value * * * of such certificates (or of the shares where no certificates were issued), or unless the actual value is less than $100 per share, in which case the tax shall be 3 cents on each $20 of ac-

tual value, * * * of such certificates (or of the shares where no certificates were issued). * * * The stamps representing the tax imposed by this subsection shall be attached to the stock books or corresponding records of the organization and not to the certificates issued."

The portion of the section added by amendment in 1947 is not quoted. It has no relevance to the issue herein. United States Steel Corporation v. United States, Ct.Cl., 142 F.Supp. 948, 952; United States v. National Sugar Refining Co., D.C., 113 F.Supp. 157, 160.

It is clear that the tax is levied upon a document and not upon a financial transaction, such as a transfer from a surplus to a capital account. American Gas & Electric Co. v. United States, D. C., 69 F.Supp. 614, 618. While the plaintiff might have launched upon a procedure of increasing its capital stock and issuing additional certificates and thus subjected itself to the tax, the fact is that no such step was taken. If the taxing authorities desire to levy taxes upon increase of capital, unaccompanied by the issuance of certificates, they should seek an enlargement of the statute to that effect.

The nature and object of the subject statute is well stated in the American Gas case, supra, viz.:

"This tax is a tax on the document, the certificate of stock, and not on the transaction. It is laid, not on each certificate or on each issue of certificates, but on each original issue of certificates. Edwards v. Wabash R. Co., 2 Cir., 264 F. 610, 614, 615. The tax is not a tax on the capital, i. e., the assets received by the corporation upon the original issuance of the certificates. Nor is it a tax upon the amount, if any, transferred from surplus to capital. It is a tax upon the document and not upon the property which it describes. Empire Trust Co. v. Hoey, 2 Cir., 103 F.2d 430, 432.

"* * * It is a tax upon the certificate and not upon the share. Commercial Credit Co. v. Tait, D.C. D.Md., 2 F.2d 862, affirmed 4 Cir., on opinion below in 7 F.2d 1022. Cf. W. T. Grant Co. v. Duggan, 2 Cir., 94 F.2d 859.

To the same effect is United States v. National Sugar Refining Co., D.C., 113 F.Supp. 157 and F. & M. Schaefer Brewing Co. v. United States, D.C., 130 F. Supp. 322.

The cases of Southern Pacific Co. v. Berliner, 9 Cir., 176 F.2d 671. Crown, Cork & Seal Co. v. United States, 94 F. Supp. 117, 118 Ct.Cl. 156; W. T. Grant Co. v. Duggan, 2 Cir., 94 F.2d 859 and United States v. California Electric Power Co., 9 Cir., 187 F.2d 313, are not in point in that the corporate parties therein actually issued new shares of stock.

The plaintiff's motion is granted. Settle order on two days' notice.