**WEST VIRGINIA PULP & PAPER CO. v. BOWERS, Collector of Internal Revenue.**

(District Court, S. D. New York.    August 1, 1923.)

Internal revenue ☞11—Increase in number of shares of corporate stock not issuance of stock, warranting assessment of tax; "original issuance of stock."

Acts of a corporation, entailing no essential change in the capital with which it does business, or rights of stockholders, except that each stockholder has an increased number of shares, does not constitute an original issuance of stock on organization, or reorganization, so as to warrant assessment of a tax.

At Law. Action by the West Virginia Pulp & Paper Company against Frank K. Bowers, Collector of Internal Revenue for the Second District of the State of New York. On motion for judgment of dismissal. Motion denied.

Stetson, Jennings & Russell, of New York City, for plaintiff.
Wm. Hayward, U. S. Atty., of New York City, for defendant.

KNOX, District Judge. In a case such as this, there is little use for a court of first instance to enter upon a discussion of its views as to the interpretation to be placed upon a particular taxing statute. Any decision of mine will be but a conduit through which a more authoritative ruling will be had, and for such reason I forbear to elaborate upon my conclusions. It is enough to say that in my judgment the acts of plaintiff giving rise to the assessment of the tax in question are not within the purview of the statute upon which defendant relies. What plaintiff did, in my opinion, is not to be regarded as an original issuance of stock, either upon organization or reorganization. No essential change in the capital with which plaintiff does business has taken place, and the rights of its stockholders have been neither increased nor lessened. They continue to hold their respective portions of the original issue of stock, save that such portions are now evidenced by an increased number of pieces of paper, and these they may have without their corporation being subjected to the tax assessed against it.

Defendant's motion for judgment of dismissal is denied, and, unless defendant desires to litigate the allegations of fact set up in the complaint, there is no reason why plaintiff should not have judgment for the sum sued for.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes