**TRUMBULL STEEL CO. v. ROUTZAHN, Internal Revenue Collector.**

(District Court, N. D. Ohio, E. D. September 22, 1923.)

No. 11950.

1. **Internal revenue ⊕⊃19(1)—New issue of shares of stock of par value of $25 for each share of old stock of par value of $100 not subject to stamp tax.**

Where a corporation, pursuant to Gen. Code Ohio, §§ 8719–8722, called in its outstanding certificates of stock, of the part value of $100, and four certificates, of the par value of $25 each, were issued for each of the old certificates, but no other change in stock ownership or stock privileges or corporate organization was made, the new issue was not subject to War Revenue Act Nov. 23, 1921, §§ 1100 and 1107, schedule A, par. 2 (Comp. St. Supp. 1923, §§ 6318i, 6318p), imposing a stamp tax "on each original issue whether on organization or reorganization of certificates of stock * * * by any corporation."

2. **Statutes ⊕⊃225¾—Re-enactment of statute, adoption of previous construction.**

The re-enactment by Congress, without change, of a statute which has previously received a certain construction, whether judicial or departmental, is an adoption of such construction.

At Law. Action by the Trumbull Steel Company against C. F. Routzahn, Collector of Internal Revenue. On demurrer to the complaint. Demurrer overruled.

Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., and Fred S. Day, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. [1] The sole question presented is: What issues of stock by a corporation are subject to the stamp tax imposed by sections 1100 and 1107, schedule A, par. 2, War Rev-

enue Act approved Nov. 23, 1921 (42 Stat. 227, 301, 303; Supplement 1923 U. S. Comp. Stat. § 6318i, 6318p, schedule A, par. 2).

Prior to August 16, 1920, the Trumbull Steel Company had issued and outstanding 131,681 shares of stock, evidenced by certificates of par value of $100 each. On that date, pursuant to sections 8719–8722, G. C. of Ohio, the company amended its articles of incorporation, changing the par value of each share of $100 to $25. The outstanding certificates were thereafter called in, and four new certificates for each of the old were issued. No other change in stock ownership or stock privileges or corporate organization was made. A tax of 5 cents on each $100 par value of the new certificates was levied and assessed, paid under protest, and application for a refund made to the Commissioner of Internal Revenue, and by him refused. Hence this action.

[2] Sections 1100 and 1107, Revenue Act of 1921, are precisely the same as the corresponding sections of War Revenue Act of 1918 approved Feb. 24, 1919 (40 Stat. 1057, 1133, 1135 [Comp. St. Ann. Supp. 1919, §§ 6318i, 6318p]). In all provisions pertinent to this controversy, these two revenue acts are precisely the same as the War Revenue Act of 1917, approved October 3, 1917 (40 Stat. 300, 319, 321 [Comp. St. 1918, §§ 6318a, 6318h]), and, as was pointed out in Edwards v. Wabash Ry. Co. (2 C. C. A.) 264 Fed. 610, the provisions of the War Revenue Act of 1917 were substantially the same, so far as they pertain to this subject-matter, as corresponding provisions in the Spanish War Revenue Act approved June 13, 1898 (30 Stat. 458), and of the Emergency War Revenue Act approved October 22, 1914 (38 Stat. 753). This being true, a construction given to the provisions of the War Revenue Act of 1917, or of the two other revenue acts referred to, prior to the re-enactment of the same provisions in the Revenue Act of 1921, is controlling, upon the familiar rule that the re-enactment by Congress without change of a statute which has previously received a certain construction, whether judicial or departmental, is an adoption by Congress of such construction. Sewing Machine Companies Case, 18 Wall. 553, 584, 21 L. Ed. 914; Kepner v. United States, 195 U. S. 100, 121, 24 Sup. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655; United States v. G. Falk & Bro., 204 U. S. 143, 152, 27 Sup. Ct. 191, 51 L. Ed. 411; United States v. Cerecedo Hermanos y Compania, 209 U. S. 337, 339, 28 Sup. Ct. 532, 52 L. Ed. 821.

The act in question imposed a stamp tax of 5 cents on each $100 of face value or fraction thereof of capital stock. The language describing the same is:

"On each original issue, whether on organization or reorganization, of certificates of stock * * * by any corporation."

Transfers, sales, or reissues of certificates are subject to a different tax and are provided for in other paragraphs of section 1107. Hence the question is: What is an original issue of certificates? Or, differently stated, what is an original issue on reorganization?

These questions were fully considered in Edwards v. Wabash Ry. Co., supra. It arose under War Revenue Act of 1917 and was decided February 18, 1920. The Wabash Railway Company had outstanding

two classes of preferred stock and also common stock. It called in one class of preferred stock and converted it, part into preferred and part into common, and issued new certificates to the holders thereof, conferring new and different rights and privileges in the corporate property and management. It was held that this readjustment of the stock of the corporation was not an original issue, either on organization or reorganization, and that the new certificates were not subject to the documentary stamp tax imposed by the War Revenue Act of 1917. This readjustment of corporate rights and privileges among stockholders was more fundamental and more worthy to be called a reorganization of the corporation than the changes effected by the plaintiff herein among its stockholders. In the former case the rights and privileges of the stockholders were, as between themselves, and in the assets of the corporation, substantially changed and readjusted; whereas, in the present case, no change was effected, but each stockholder at the end of the process had merely four certificates, evidencing precisely the same rights and privileges as were previously evidenced by a single certificate.

Upon the principle and authorities above stated, this case is controlling. It is pointed out in the opinion that the provisions of the Spanish War Revenue Act imposing a stamp tax on stock certificates were given a departmental construction excluding therefrom reissues where there was no change of ownership, but merely a substitution in the hands of the same stockholder of certificates for one class of stock in lieu of certificates for another class (T. D. 20694, Feb. 7, 1899), and also that a like departmental construction had been given to the corresponding provisions of the Emergency War Revenue Act of 1914 (T. D. 2051, March 9, 1914), and that this departmental construction thus declared and acquiesced in was not changed until 1918 (T. D. 2752, Aug. 14, 1918). It was held that the re-enactment of the same language in the War Revenue Act of 1917 after this departmental construction had been established, was the equivalent of an adoption by Congress of that construction. In addition thereto we now have the re-enactment by Congress of the exact language of the War Revenue Act of 1917 after a judicial construction to the same effect.

In view of these considerations, whatever doubt might originally or otherwise exist as to the provision in question, Edwards v. Wabash Ry. Co. should be followed. Nothing in the way of original discussion can be profitably added to the carefully considered opinion of Circuit Judge Rogers. The conclusion now reached accords with the holding of District Judge Hickenlooper, Southern District of Ohio, July 24, 1923, in American Laundry Mach. Co. v. Dean, 292 Fed. 620, and of District Judge Knox, August 1, 1923, in West Virginia Pulp & Paper Co. v. Bowers, 293 Fed. 144. Such also seems to be the purport of Holmes, Federal Taxes (1923 Ed.) pp. 1392–1394.

What is a reorganization of a corporation, such as makes new certificates an original issue subject to the stamp tax, need not be further considered. Cook on Corporations (6th Ed.) § 883, attempts a definition of a corporate reorganization. Obviously, that part of this definition which might be taken as classifying as a reorganization a mere

readjustment of stock among the stockholders, is excluded by Edwards v. Wabash Ry. Co., and the re-enactment by Congress of the same provisions without change of language after this construction was declared.

Defendant's demurrer is overruled. An exception is noted.