**STANDARD MFG. CO. v. HEINER, Collector of Internal Revenue.**

(District Court, W. D. Pennsylvania. June, 1924.)

No. 2950.

Internal revenue ⊙�top19(1)—Substituted issue of stock by corporation merely reducing par value of shares not subject to stamp tax.

Where a corporation reduced the par value of its shares from $100 to $25, issuing certificates for four shares to its stockholders in exchange for each share of original stock, without changing the aggregate par value of its stock, the new certificates are not subject to stamp tax, under Revenue Act 1921, § 1107, Schedule A (2), being Comp. St. Ann. Supp. 1923, § 6318p.

At Law. Action by the Standard Manufacturing Company against D. B. Heiner, Collector of Internal Revenue. Judgment for plaintiff.

Calvert, Thompson & Wilson, of Pittsburgh, Pa., for plaintiff.
Walter Lyon, U. S. Atty., and Warren H. Van Kirk, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. This is an action brought by the plaintiff to recover the sum of $9,837.80, which was paid under protest

⊙⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to defendant, for documentary stamp taxes on capital stock under Schedule A (2) of section 1107 under title 11 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6318p), assessing a stamp tax on "each original issue, whether on organization or reorganization, of certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, on each $100 of face value or fraction thereof, five cents."

The defendant filed an affidavit of defense raising questions of law, alleging the tax assessed was valid, there being no denial of the facts. Prior to January 11, 1923, the common capital stock of the plaintiff company, a New Jersey corporation with its principal place of business at Pittsburgh, Pa., consisted of $20,000,000, divided into 200,000 shares, of the par value of $100 each. On January 11, 1923, by vote of its stockholders, plaintiff adopted a resolution providing for the reduction of the par value of its stock from $100 to $25 per share, and the certificate of incorporation was amended accordingly. The outstanding 200,000 shares of stock were called in, to be replaced with 800,000 shares of the new stock; each stockholder thus receiving four shares of the new stock for one share of the old. There was no other consideration for the exchange. On the demand of the defendant, plaintiff purchased documentary stamps on the new stock issued, amounting on May 8, 1923, to the aggregate sum of $9,837.80, to recover which this action is brought.

From the plain reading of the act, it is clear that the stamp tax is imposed only on certificates of stock of "original issue"; and the single question is whether the issue of the new certificates, under the circumstances, constitutes an original issue within the meaning of the act of Congress. This question has been answered in the negative in several cases. See Edwards v. Wabash Ry. Co. (C. C. A.) 264 Fed. 610; American Laundry Machinery Co. v. Dean & Proctor, and Gamble v. Dean (D. C.) 292 Fed. 620; Trumbull Steel Co. v. Routzahn (D. C.) 292 Fed. 1009; West Virginia Pulp & Paper Co. v. Bowers (D. C.) 293 Fed. 144. These last cases are identical as to the facts with the case at bar. The judgment in West Virginia Pulp & Paper Co. v. Bowers was affirmed by the Circuit Court of Appeals of the Second Circuit, on February 4, 1924. 297 Fed. 225.

I am in thorough accord with the reasoning upon which the several judgments were entered in the foregoing cases, and the interpretation given to the statute in these cases. The decisions are in harmony also with the general interpretation of the department, as made from time to time under the several acts of Congress containing the same, or substantially the same, wording as the act under consideration.

I am of opinion, therefore, that judgment should be entered for the plaintiff and against the defendant in the sum of $9,837.80, with interest and costs; and it is accordingly so ordered.