## In re GRANT-LEES GEAR CO.

(District Court, N. D. Ohio, E. D. September 6, 1924.)

No. 8848.

Internal revenue ⊂⊃19(1)—Exchange of preferred and no par common for old common stock held not "original issue," subject to stamp tax.

Exchange of old common stock for preferred and no par common, without change of ownership, addition of capital, or other corporation reorganization, was not "original issue," so as to make stock subject to stamp tax.

In Bankruptcy. In the matter of the Grant-Lees Gear Company, bankrupt. On petition by the Treasury Department of the United States to review order of referee disallowing claims for taxes to the United States government. Petition for review dismissed.

Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for bankrupt.

White, Cannon & Spieth, of Cleveland, Ohio, for trustee.

JONES, District Judge. The collector of internal revenue, on behalf of the Treasury Department of the United States, filed a petition to review the order of the referee disallowing claims for taxes due the United States government. The collector of internal revenue had filed the claim of the Treasury against this bankrupt, and the trustee in bankruptcy filed exceptions to that claim. Upon hearing, the referee in bankruptcy made an order disallowing the claim of the Treasury Department, and directing the trustee to distribute the funds without payment of any sum to the Treasury Department of the United States. It is a review of that order which is here sought.

There are really two questions in controversy; the first arising out of the calculation of income and excess profits taxes for the years 1918, 1919, and 1920. The trustee claimed that, not only were there no further taxes due to the government, but that, as a matter of fact, overpayment on income and excess profits taxes had been made for those years by the bankrupt company. It appears to have been the claim of the Treasury Department, as evidenced by its proof of claim, that adequate depreciation had not been charged off by the bankrupt company from 1910 to 1918, and, by reason thereof, sought to reduce the earned surplus appearing on the books of the company January 1, 1919, and fixing for the years in question an arbitrarily low percentage of depreciation. No evidence nor authority to support the government's method of calculation was offered, and nothing appears in the record to sustain the tax as calculated.

From the referee's summary of the evidence it would seem that the annual depreciation allowances made by the company over the period from 1910 to 1917, and thereafter, were justified against its depreciable assets, and that the method of calculation of the tax by the company was just and proper. From the evidence and the record upon the first question, then, the order of the referee will be approved and confirmed.

The second question arises out of the Treasury Department's claim for stamp tax on 132 shares of the capital stock of the bankrupt company, issued without stamps affixed. As originally organized, the bankrupt company had issued 5,000 shares of stock of the par value of $100 each. In 1920 articles of incorporation were amended to bring the bankrupt company under the operation of the "no par" statute of Ohio. The outstanding 5,000 shares of stock were called in, and one and three-fifths second preferred stock, with a par value of $100, and 8 shares of common stock without par value were issued for each of the old shares of stock. There was no change of ownership of the stock, nor any other corporate reorganization. The Treasury Department contended that this transfer or change constituted an "original issue," and thus made the stock subject to the stamp tax. No additional capital was paid in.

This question seems to be substantially the same as the question considered and determined by Judge Westenhaver in the case of Trumbull Steel Co. v. C. F. Routzahn, Collector of Internal Revenue, Cleveland (D. C.) 292 Fed. 1009, and in which opinion is considered and followed Edwards v. Wabash Railway Co. (C. C. A.) 264 Fed. 610. The exchange of the old common stock for the preferred and no par common could not, in my judgment, be considered an original issue, where nothing was added to the capital, and the opinion in the Trumbull Steel Case will be adhered to and applied to the situation herein reviewed.

The referee found that there was a valid and legal excise tax due and unpaid in the sum of $191.57, but, in view of the fact that he found an overpayment of income and excess profits taxes for the years 1918, 1919, and 1920, this tax was permitted to be set off against the overpayment for the year 1918. No contention being made in the petition to review upon that part of the

order, it will be approved and confirmed, as are the other findings presented for review.

The petition for review will be dismissed.