Campbell, Ghief Justice,
delivered the opinion of the court:
The Cuba Railroad Company, the plaintiff, is a New Jersey corporation. Its capital stock, amounting to $30,000,-000, was divided into 100,000 shares of preferred and 200,-000 shares of common stock, both of the par value of $100 per share. On and before June 27, 1923,• there had been issued and were outstanding all of the preferred stock and 158,000 shares of the common stock. This outstanding common stock was held by the Cuba Company — a body corporate.
On the date mentioned, June 27, 1923, the plaintiff’s certificate of incorporation was amended so as to provide that its common stock consisting of 200,000 shares each of the par value of $100 should be changed into stock of no par value and that the number of such shares of common stock which the corporation could issue should be 1,000,000 shares. It was also determined that the corporation issue to The Cuba Company 500,000 shares of common stock of no par value in exchange for the 158,000 shares of common stock of the par value of $100 each held by the latter company. The remaining 500,000 shares of the stock of no par value were not issued. The plaintiff was required by the Commissioner of Internal Revenue to affix documentary stamps in the amount of $10,000 in its issue of the 500,000 shares of no par value, and it complied with this requirement under protest and objection. It at once applied for the redemption of the stamps affixed and canceled or refund of the amount of the stamp tax, but its application was denied by the commissioner. This suit is brought to recover the amount paid for the stamps.
The commissioner’s ruling was based upon his construction of the provisions of the revenue act of 1921, Title XI, *278 stamp taxes, section 1100, Schedule A, subparagraph 2 (42 Stat. 301, 303). This section imposes a tax for and in respect of certificates of stock and other matters and things mentioned and described in Schedule A. In this Schedule A appears the following: . .
“ 2. Capital stock, issued: On each original issue, whether on organization or reorganization, of certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, on each $100 face value or fraction thereof, 5 cents: Provided, That where a certificate is issue.d without face value, the tax shall be 5 cents per share, unless the actual value is in excess of $100 per share, in which case the tax shall be 5 cents on each $100 of actual value or fraction thereof, or unless the actual value is less than $100 per share, in which case the tax shall be 1 cent on each $20 of actual value, or fraction thereof.
“ The stamps representing the tax imposed by- this subdivision shall be attached to the stock books and not to the certificates issued.”
It is apparent that the words “certificates of stock” in section 1100 are not confined to subdivision 2. ' The question therefore turns upon the construction to be given thé language quoted from the act. The plaintiff contends that the transaction wherein 500,000 shares of common stock of no par value were issued to The Cuba Company in exchange for 158,000 shares of common stock of the stated par value of' $100 each theretofore issued was not an “ original issue ” of certificates of stock within the meaning of the áct, and the Government insists that these shares of no par value which were issued were certificates of original issue. It concedes that “not all issues of certificates of capital stock are taxed, but only original issues.” This concession has in view the rule that it is the duty of the court to give effect to all of the words used. Plainly the quoted paragraph confines the stamp tax to original issues. It further specifies original issues, “whether on organization or reorganization.” These latter words are not to be ignored. There is no contention that the no-par-value stock was an original issue on organization.
The insistence for the Government, on the other hand, is that the issue was “ an original issue on reorganization,” the *279 argument being that the phrase whether on organization or reorganization is the exact equivalent of “whether oh orr ganization or reorganization or not,” which does not constitute a limitation upon the operation of the statue' “but broadens it” by eliminating any possible suggestion of a limitation except to original issues. If the interpolation of the words “or not” gives the phrase a broader meaning than it has without them it is manifest that their absence from the act becomes an important element in ascertaining its meaning. Congress could have levied a tax on every issue of certificates of stock or on some issues. It could tax an original issue of any kind of stock or confine the tax to an original issue on organization of the company. When under paragraph 1 of Schedule A corporate securities are taxed provision is made for renewals and these it is provided “ shall be taxed as a new issue.” In the next paragraph the tax is upon the original issue, nothing being said about a “new issue” except the implication that an issue upon reorganization may amount to an original issue. It is established that doubts are to be resolved in favor of the taxpayer. Gould v. Gould, 245 U. S. 151.
There was no change in the corporation’s capital or its property by the exchange of no-par-value stock for outstanding common stock. This common stock was held by, one person and this one person received a greater number of shares of no-par-value stock than he held of the-other stock, but that added nothing to nor did it diminish the capital of the company. We are not required by the facts to determine the effect of a disposition of the 500,000 shares of no par value remaining unissued. Our view that the exchange shown in this case of one kind of stock for another kind of stock is not an original issue of certificates of stock within the intent of the act in question is sustained by the decisions of other courts. See In re Grant-Lees Gear Co., Dist. Court, W. D. Ohio, decided Sept. 6, 1924, 1 Fed. (2d) 898; Bowers, Collector, v. West Va. Pulp & Paper Co., 297 Fed. 225, 293 Fed. 144; Proctor & Gamble v. Deane, 292 Fed. 620; Edwards v. Wabash Ry. Co., 264 Fed. 610.
*280 Judgment should be rendered in favor of the plaintiff for the amount of the stamp tax erroneously or illegally exacted, with interest thereon, as provided by the statute. And it is so ordered.-
Geapiam, Judge; Hay, Judge; DowNey, Judge, and Booth, Judge, concur.