## UNITED STATES v. PURE OIL CO.
### No. 8227.

Circuit Court of Appeals, Seventh Circuit.
May 13, 1943.

Ben A. Harper and D. T. Searls, both of Chicago, Ill. (Vinson, Elkins, Weems & Francis, of Houston, Tex., of counsel), for appellant.

Samuel O. Clark, Jr., Sewall Key, S. Dee Hanson, and Helen R. Carloss, Sp. Assts. to the Atty. Gen., and J. Albert Woll, U. S. Atty., of Chicago, Ill., for appellee.

Before MAJOR, MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a judgment (a) for $21,092.70, the alleged balance due for stamp taxes on certificates for 264,226 shares of preferred stock issued by it in exchange for then outstanding preferred stock and (b) dismissing defendant's counterclaim for $5,329.90.

On April 1, 1936, defendant had outstanding certain shares of preferred stock on which there were unpaid accumulated dividends, on 8 per cent stock, of $25.50 per share, on 6 per cent stock, $19.125 per share. Defendant proposed, and its shareholders agreed, their certificates be exchanged, share for share, for equal shares of new preferred stock, paying a lower dividend, plus additional shares of new stock in satisfaction of the unpaid dividends. As a result, 264,226 shares of outstanding preferred stock were surrendered and an equivalent number of shares of new preferred delivered to the holders, who received also 56,115 shares of new stock in satisfaction of unpaid dividends.

Section 722 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 1802, levies a stamp tax on certificates as follows: "On each original issue, whether on organization or reorganization, of shares or certificates of stock, * * *" ten cents on each hundred dollars of par value. Defendant recognized that the shares issued in satisfaction of unpaid dividends were within the term "original issue" and paid the tax upon them. The Government contended, and the trial court found, that the certificates for 264,226 shares issued in exchange for outstanding stock constituted likewise an original issue. The propriety of that conclusion is now questioned.

▮ The statute clearly indicates that, to be taxable, certificates must be, in point of time, the first issued, whereby the issuing corporation certifies ownership by its shareholders of their aliquot parts of the capital represented by the certificates. By specifying "original issue" we think it clear that the Congress did not intend to tax each issue but only that which precedes all other issues subsequently made when original certificates are surrendered and new ones delivered in their place to the same shareholders for no new monetary consideration. Edwards v. Wabash Railway Co., 2 Cir., 264 F. 610. Nor do we think it of any importance whether shares are converted into identical or variant stock or whether preferred is exchanged for common or common for preferred, with resulting differences in rights and privileges, for the test is not whether the reissue is of different type but, rather, whether it is "original."

▮▮ It was to defendant's interest to liquidate its unpaid accumulated dividends and to bring about a lower dividend for the future. When, with this end in view, defendant issued an equal amount of new stock for that part of the corporate assets represented by previously existing shares, it made no addition to its capital. It accomplished nothing other than replacement of older preferred stock with new, smaller dividend stock; the holders retained the same proportionate interests in the capital assets. The additional shares issued in satisfaction of unpaid dividends represented the only contribution to capital effectuated; that and that alone was an original issue, Edwards v. Wabash Railway Co., 2 Cir., 264 F. 610; Trumbull Steel Co. v. Routzahn, D.C., 292 F. 1009; Routzahn v. Trumbell Steel Co., 6 Cir., 300 F. 1006; West Virginia Pulp & Paper Co. v. Bowers, D.C., 293 F. 144, affirmed 2 Cir., 297 F. 225, certiorari denied 265 U.S. 584, 44 S.Ct. 459, 68 L.Ed. 1191; Standard Manufacturing Co. v. Heiner, D. C., 300 F. 252; Cuba Railway Co. v. United States, 60 Ct.Cl. 272; Cleveland Provision Co. v. Weiss, D.C., 4 F.2d 408; In re Grant-Lees Gear Co., Bankrupt, D. C., 1 F.2d 393.

▮ The Government insists that the entries upon the corporate books fail to disclose any shares specifically designated as a substitution for old certificates. It suggests that inasmuch as no shares were issued in lieu of any certain specified shares and no specific certificates charged against capital or surplus, it is impossible to classify the entire new issue as other than original. But book entries alone are not decisive. Rio Grande Oil Company v. Welch, 9 Cir., 101 F.2d 454. And, so here, we receive no enlightenment from the formal ledger capital set-up. The undisputed fact is that the old preferred stock was exchanged share for share and the dividend arrears satisfied by issuance of additional shares. Whatever the book entries, the only new thing that could properly have gone into the capital account was the contribution by the shareholders of their unpaid dividends to the corpora-

tion in consideration of which they received the additional shares.

The Government insists that the pronouncement of Rio Grande Oil Company v. Welch, supra, leads necessarily to the conclusion that the entire issue was original. But the basis for decision in that case is absent here in that there the court found that the transaction effectuated a complete reorganization and a fundamental change in the entire capital structure. Here the corporate structure remained the same except as to the additional shares issued in satisfaction of unpaid dividends.

In view of the fact that defendant mistakingly overpaid the amount due, its counterclaim should have been allowed.

The judgment is reversed with directions to proceed in accord with the announcements herein contained.