**The F. & M. SCHAEFER BREWING CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 14715.

United States District Court
E. D. New York.

April 14, 1955.

White & Case, New York City, for plaintiff, by E. W. Pavenstedt, New York City, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant, by Elliot Kahaner, Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The plaintiff herein moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The parties agree as to the facts, which are as follows: the plaintiff, a New York corporation, had an authorized capital of 200,000 shares of $12 noncumulative second preferred stock, without par value, having a stated value of $36.25 per share, and 6,500 shares of common stock, the par value of which was $100 per share. Prior to March 21, 1951, there were, issued and outstanding, 100,000 shares of the $12 noncumulative second preferred stock and 1,000 shares of the common stock. 100,000 shares of the said preferred stock and 1,000 shares of the common stock were held as Treasury stock, and 4,500 shares of the common stock were still unissued. The plaintiff's capital was $3,725,000.

On March 21, 1951, pursuant to appropriate action of its Board of Directors, the plaintiff increased the amount of its capital from $3,725,000 to $10,100,000. This was done by transferring the sum of $6,375,000 from its earned surplus account to its capital account. This bookkeeping entry increased the capital represented by each of the issued and outstanding 100,000 shares of no par value second preferred stock from $36.25 to $100 per share. No additional shares were issued. At the same time the 100,000 shares of the preferred stock and the 1,000 shares of common stock held by the corporation as Treasury stock were retired and cancelled.

The plaintiff did not affix any Federal documentary stamps to its stock books or other records. Subsequently, and after an examination of the corporation's books and records by agents of the Internal Revenue Service, a tax of $7,012.-50, together with interest in the amount of $177.07, was assessed against the corporation, pursuant to section 1802(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. The corporation paid the assessment, together with interest, and now sues to recover it on the ground that it was erroneously and illegally assessed and collected.

The facts in the case at bar are almost identical with those in the case of United States v. National Sugar Refining Co., D.C., 113 F.Supp. 157, 160, decided by Judge Leibell on April 30, 1953. He held that, "Section 1802(a) is a tax on an original issue of capital stock. *It is not a tax on an addition to capital, made by a transfer from surplus to capital, where no new stock is issued.* The cases show that the stamp tax is, as L. Hand, C. J., put it, 'an excise upon the act of issuance', to be imposed only once when the original certificate is issued. Empire Trust Co. v. Hoey, 2 Cir., 103 F.2d 430, at page 432." (Emphasis added.) After an analysis of the pertinent regulations of the Internal Revenue Bureau (113.20, T. 26, Parts 80 to 169, C.F.R.1949 edition) Judge Leibell stated, 113 F.Supp. at page 161, "The constant repetition of the words 'issue' and 'issued' in these Regulations emphasizes the point that it is when shares or certificates are issued that the stamp tax impinges on the transaction. An increase in the capital of a corporation by the transfer of part of its earned surplus to the capital account for its outstanding shares of no par value stock does not require the corporation to pay a stamp tax under section 1802(a), if no shares or certificates are issued as part of the transaction. But if shares or certificates are subsequently issued against the increase in capital thus created, a stamp tax under section 1802(a) would, I believe, become payable. *Unless there are both the addition to capital and the issuance of new shares or certificates under the recapitalization, no stamp tax is payable under section 1802(a) as amended August 8, 1947.*

"If the Congress had intended that a tax should be imposed on an increase of capital resulting from a transfer of earned surplus to capital it would have said so. If this fact situation constitutes an unforeseen 'loophole' in the tax structure, in particular section 1802(2) of the Internal Revenue Act, the Congress can take care of that also." (Emphasis added.)

■ I am in agreement with Judge Leibell's analysis and, accordingly, the plaintiff's motion is granted.