**AMERICAN STEEL FOUNDRIES,**
Plaintiff-Appellee,

v.

**Ernest J. SAUBER, District Director of Internal Revenue, Chicago, Illinois,**
Defendant-Appellant.

No. 11800.

United States Court of Appeals
Seventh Circuit.

Nov. 27, 1956.

---

1. See dissenting opinion Inland Empire Insurance Company v. Freed, 10 Cir., 239 F.2d 289.

Robert Tieken, U. S. Atty., Chicago, Ill., Charles K. Rice, Asst. Atty. Gen., Karl Schmeidler, Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., for appellant.

Maynard J. Jaffe, Louis S. Hardin, Eugene H. Dupee, Jr., Chicago, Ill., for plaintiff-appellee, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

In this action plaintiff seeks to recover $11,686.98 assessed as a documentary stamp tax under § 1802(a) Internal Revenue Code of 1939. Plaintiff and defendant each moved for summary judgment. This appeal is from the judgment entered in favor of plaintiff taxpayer.

On September 30, 1949, taxpayer, a New Jersey corporation, pursuant to authorization by its Board of Directors, transferred $11,874,950 from its capital surplus and net income Employed in the Business accounts to its common stock account. As a result, the stated value of taxpayer's issued and outstanding no-par common stock was increased from $20 to $30 a share. Taxpayer did not issue any new or additional certificates to its stockholders, nor did it make any endorsements on its outstanding stock certificates. However, the Commissioner of Internal Revenue determined that the addition to taxpayer's capital constituted an issue of new shares, and assessed a documentary tax against taxpayer in the amount of $11,686.98. Taxpayer paid the assessment and subsequently filed claim for refund and thereafter brought this action to recover the payment of the tax paid.

Section 1800 Internal Revenue Code of 1939 (26 U.S.C. § 1800, 1940 Ed.) imposes a documentary stamp tax generally upon "bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things" more specifically described in §§ 1801 through 1807.

The tax involved in the instant case was imposed under § 1802(a) Internal Revenue Code (26 U.S.C. § 1802(a), 1940 Ed.), which provides, in part: "Original issue. On each original issue, whether on organization or reorganization, of shares or certificates of stock, or of profits, or of interest in property or accumulations, by any corporation, * * *. The stamps representing the tax imposed by this subsection shall be attached to the stock books or corresponding records of the organization and not to the certificates issued."

The government's position is that a dedication of an amount from a corporation's surplus accounts to its capital stock account constitutes an issue of shares under § 1802(a) regardless of whether such a dedication is accompanied by an increase in the number of shares outstanding or by a physical delivery to the stockholders of new or different certificates. The basic question here presented is what constitutes an issuance of shares.

Taxpayer points out that the word "share" denotes a portion of something such as a corporation's assets and earnings. The statute speaks of an "original issue * * * of shares". After the transfer from the surplus account to the capital stock account the capital of the corporation was divided into the same number of shares as before, and each of such shares represented the same portion and interest in the corporation's assets and earnings as before.

We think the transfer of surplus to capital in the present case did not result in the creation of any new or additional interest in the corporation. The number of plaintiff's outstanding shares and the percentage of its assets and earnings represented by each of said shares were not affected in any way by the transfer. The capital of the corporation was divided into the same number of shares after the increase in stated capital as before, and each of such shares represented the same portion and interest in the corporation's assets and earnings as before.

We know of no authority and none has been cited to us sustaining the position of the government in this case. On the other hand, there are three District Court cases in addition to the decision in this case in the court below which sustain the position of the taxpayer.

In United States v. National Sugar Refining Co., D.C.N.Y.1953, 113 F.Supp. 157, the taxpayer corporation had transferred nine million dollars from its surplus to its capital account without creating or delivering new certificates of stock or modifying the certificates then outstanding. The court granted the taxpayer's motion for summary judgment holding that a mere transfer of surplus to capital and an increase in the stated value of the outstanding no-par value shares of the taxpayer did not constitute an issuance of shares within the meaning of § 1802(a) and that consequently no stamp tax was due. The court said, 113 F.Supp. at page 160: "Section 1802(a) is a tax on an original issue of capital stock. It is not a tax on an addition to capital, made by a transfer from surplus to capital, where no new stock is issued. The cases show that the stamp tax is, as L. Hand, C. J., put it, 'an excise upon the act of issuance', to be imposed only once when the original certificate is issued."

The National Sugar Refining Company case was approved and followed in F. & M. Schaefer Brewing Co. v. United States of America, D.C.N.Y.1955, 130 F.Supp. 322. In the Schaefer Company case as in the case at bar, the corporation had increased the stated value of its no par value preferred stock by a transfer of surplus to capital without issuing new or additional certificates and without amending the certificates then outstanding. The Court held there was no liability under the documentary stamp tax. Another District Court case to the same effect is Archer-Daniels-Midland Co. v. United States, D.C.Minn.1955, 146 F. Supp. 799.

We think these District Court cases were correctly decided. We hold the trial court below correctly granted summary judgment in favor of the plaintiff.

Judgment affirmed.