**THE F. & M. SCHAEFER BREWING CO., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 386, Docket 23775.**

United States Court of Appeals Second Circuit.

Argued June 10, 1958.

Decided June 20, 1958.

See also United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, reversing The F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889.

Thomas C. Burke, of White & Case, New York City (Walter S. Orr and Edmund W. Pavenstedt, of White & Case, New York City, on the brief), for plaintiff-appellee.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Atty., Dept. of Justice, Washington, D. C., Leonard P. Moore, U. S. Atty., and Elliott Kahaner, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., on the brief), for defendant-appellant.

Before CLARK, Chief Judge, PICKETT, Circuit Judge, and RYAN, District Judge.

PER CURIAM.

The United States appeals from a summary judgment granting The F. & M. Schaefer Brewing Co. recovery of the amount of stamp taxes which it alleged the government had illegally assessed and collected from it. I.R.C.1939, §§ 1800, 1802, levies such a tax on "each original issue, whether on organization or reorganization, of shares or certificates of stock" by any corporation. The transaction here claimed to be subject to the tax did not involve the actual issue of any new stock certificates, but only an increase in the corporation's capital account by the transfer of $6,375,000 from its earned surplus account to its capital account, thus increasing the capital from $3,725,000 to $10,100,000, and the value of certain issued no-par-value stock from $36.25 to $100 per share. Judge Rayfiel, in his reasoned opinion, D.C.E.D.N.Y., 130 F.Supp. 322, quoted from and relied upon the detailed exposition in United States v. National Sugar Refining Co., D.C.S.D.N.Y., 113 F.Supp. 157, where Judge Leibell held that stamp taxes are required only on the actual issuance of capital stock, and not on a bookkeeping entry effecting an addition to the capital account where no new stock is issued. More recently this reasoning has been quoted and approved by Chief Judge Duffy for his court in American Steel Foundries v. Sauber, 7 Cir., 239 F.2d 300, and Chief Judge Gardner for his court in United States v. Archer-Daniels-Midland Co., 8 Cir., 243 F.2d 130. We find the reasoning of these various opinions wholly per-

suasive. Allied Chemical & Dye Corp. v. McMahon, 2 Cir., 253 F.2d 663, affirming D.C.S.D.N.Y., 156 F.Supp. 275, which deals with the recapitalization proviso of the same statute, is not in point; for there additional shares were actually issued, and the tax was required only on such additional shares.

Affirmed.