**NORTHERN INDIANA PUBLIC SERVICE COMPANY**

v.

**UNITED STATES of America.**

**Civ. No. 4304.**

United States District Court
N. D. Indiana,
Hammond Division.

Dec. 16, 1966.

Lawyer, Schroer & Eichhorn, by Edmund A. Schroer, Hammond, Ind., for plaintiff.

Alfred W. Moellering, U. S. Atty., and John Stephan, Dept. of Justice, for defendant.

BEAMER, District Judge.

This cause having been tried to the Court without a jury and the Court having heard the evidence, the arguments of counsel and being duly advised in the premises now makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Court has jurisdiction over the parties and subject matter of this action.

2. Plaintiff made transfers of $7,-000,000, $10,000,000, and $10,000,000 from its earned surplus account to its common capital stock account on September 27, 1955, December 22, 1959, and November 22, 1960, respectively.

3. The purpose of the three aforementioned transfers was to increase the marketability of the company's bonds, since funds which could be available for dividend payments were thereby capitalized enhancing the security of the company's bondholders.

4. The transfers were not accompanied by any issuance of stock certificates or shares nor were any outstanding certificates altered, cancelled, exchanged, or surrendered in connection with any of these three transfers, nor was any such issuance of stock certificates or shares contemplated at the time of the transfers in question.

5. On April 12, 1961, plaintiff's stockholders approved a resolution adopted by the Board of Directors on January 24, 1961, proposing a two for one split of the no-par value common capital stock of plaintiff. Additional certificates of stock reflecting the stock split were issued to shareholders of record as of April 13, 1961.

6. The purpose of the stock split was to broaden the market for plaintiff's common stock and to effect a wider distribution of the common stock.

7. The three transfers from earned surplus to the common capital stock account and the subsequent stock split were not part of a single transaction or plan, but were totally unrelated, independent events.

8. The District Director of Internal Revenue determined that the stock split was taxable under 26 U.S.C. § 4301 (now repealed) and assessed documentary stamp taxes in the amount of $27,000 which has been paid by plaintiff.

9. Plaintiff filed a timely claim for refund thereof together with interest which was disallowed by the District Director.

## CONCLUSIONS OF LAW

1. The three transfers from earned surplus to the common capital stock account and the subsequent stock split were not taxable under 26 U.S.C. § 4301.

2. Plaintiff is entitled to a refund of the $27,000.00 paid by plaintiff pursuant to the assessment and determination of the District Director of Internal Revenue, together with interest thereon.

3. The plaintiff shall submit a final judgment order to the Court computing the amount of the judgment.

4. Plaintiff shall recover its costs.

## MEMORANDUM

The sole issue before the Court in this litigation is whether or not the transfers to the common capital stock account and the subsequent, wholly unrelated, stock split are taxable under 26 U.S.C. § 4301 (repealed as of January 1, 1966). The District Director determined that these transactions were taxable to the extent of the three transfers to capital stock which totalled $27,000,000.00 and assessed a documentary stamp tax in the amount of $27,000.00.

The government urges that this Court should interpret 26 U.S.C. § 4301 more broadly than any court had interpreted it while it had vitality and apply it for the first time to transfers to capital and a subsequent unrelated stock issuance in the form of a stock split. This, the court declines to do.

The relevant statutory language under 26 U.S.C. § 4301 reads as follows:

> "There shall be imposed a tax on each *original issue* of shares or certificates of stock, issued by a corporation, whether on organization or reorganization, at the following rates: * * *." (emphasis added).

The key terms "original issue" have been construed more narrowly than the government contended on two prior occa-

sions while the statute was still in effect. In United States v. Pure Oil Co., 135 F.2d 578 (7th Cir. 1943), the court defined "original issue" in the following language:

"The statute clearly indicates that, to be taxable, certificates must be, in point of time, the first issued, whereby the issuing corporation certifies ownership by its shareholders of their aliquot parts of the capital represented by the certificates. By specifying 'original issue' we think it clear that the Congress did not intend to tax each issue but only that which precedes all other issues subsequently made when original certificates are surrendered and new ones delivered in their place to the same shareholders for no new monetary consideration. (citation omitted). Nor do we think it of any importance whether shares are converted into identical or variant stock or whether preferred is exchanged for common or common for preferred, with resulting differences in rights and privileges, for the test is not whether the reissue is of different type but, rather, whether it is 'original.'"

In the case at bar, each shareholder's aliquot share of the capital represented by the common stock certificates was ascertainable prior to the April 13, 1961 stock split. The split had no effect upon each shareholder's aliquot share of capital and the additional certificates were issued "for no new monetary consideration".

Both sides have agreed that a stock split not preceded by a transfer to capital is not taxable. The plaintiff has argued that an issuance of stock in a stock split unaccompanied by a transfer to capital as part of the same transaction is not taxable. The government has argued that an issuance of stock in a stock split, preceded by a transfer to capital is taxable regardless of whether the transfer

to capital is accompanied by the issuance of stock in the stock split as part of the same transaction. The issue before the court in American Steel Foundries v. Sauber, 239 F.2d 300 (7th Cir. 1956) was characterized in a strikingly similar fashion by Judge Duffy who framed the issue as follows:

"The government's position is that a dedication of an amount from a corporation's surplus accounts to its capital stock account constitutes an issue of shares under § 1802(a) regardless of whether such a dedication *is accompanied* by an increase in the number of shares outstanding or by a physical delivery to the stockholders of new or different certificates." (emphasis added).[1]

The government's position that a transfer to capital unaccompanied by an issuance of shares was taxable was rejected by the Court. In the case at bar, the three transfers to capital were not accompanied by any issuance of shares.

That Congress intended that a transfer to capital must be accompanied by a stock issuance for the tax to apply is further supported by the statutory language of Section 4301 which makes an original issue of shares taxable "whether on organization or reorganization." The illustrative terms "organization and reorganization" connote a single plan or transaction involving both transfers to or from capital as well as stock issuance. Plaintiff's 1961 stock split can hardly be characterized as an "organization" or "reorganization" of plaintiff's corporate existence.

The regulations promulgated by the Treasury Department are generally consistent with the statutory language and the views expressed herein. 26 C.F.R. 47.4301–1 states as follows:

(a) *Scope of tax.*—(1) *In general.* Section 4301 imposes a tax on each

---

1. 26 U.S.C. § 1802(a) 1940 Ed. placed before the court language which was broader than that under consideration herein. The relevant statutory language imposed a tax "[o]n each original issue, whether on organization or reorganization, of shares or certificates of stock, or of profits, or of interest in property or accumulations, by any corporation * * *."

original issue of shares or certificates of stock issued by a domestic corporation. \* \* \* The tax applies to each original issue of the shares or certificates, whether upon organization, reorganization, or otherwise, regardless of the purpose of the issue, the person to whom issued, or the time of delivery. Thus, the tax applies to shares or certificates issued in a recapitalization where the recapitalization results in the dedication of an amount as capital for the first time \* \* \*.

(2) *Original issue.* An original issue of stock means any issue of shares or certificates of stock which reflects in whole or in part the addition of an amount to the capital stock account.

The shares issued in 1961 by plaintiff reflecting the two-for-one stock split were not "shares or certificates issued in a recapitalization" any more than they were shares or certificates issued "on organization or reorganization". Nor did the stock split reflect "for the first time" the additions to capital. United States v. Pure Oil Co., supra. Each addition to capital in the case at bar was reflected immediately in the shares of common capital stock outstanding at the time of such transfer to capital.

■ This Court's conclusion that transfers to capital must be accompanied by the issuance of stock to be taxable under Section 4301 is further supported by the fact that in every case where a tax under Section 4301 has been upheld, these elements coincided as part of a single transaction, plan, reorganization, or recapitalization.

Both the taxpayer and the government rely upon dictum from three cases in support of their respective positions. The Court has examined these cases, namely, United States Steel Corp. v. United States, 142 F.Supp. 948, 136 Ct. Cl. 160 (1956); American Gas and Electric Co. v. United States, 69 F.Supp. 614 (D.C.N.Y.1946), and United States v. National Sugar Refining Co., 113 F. Supp. 157 (D.C.N.Y.1953) and finds them to be of little aid because of the distinguishable factual situations involved in those cases and the ambiguous language employed by the courts and relied upon by the parties at bar.

■ The court has also examined a specific "example of issues subject to the tax" as contained in 26 C.F.R. 47.4301–2(a) (12) and concludes that this example is not controlling in this case because it is not consistent with the terms of the statute itself nor with the other general regulations quoted above nor has it been applied in any case. The Court also acknowledges agreement with plaintiff's counsel as to the irrationality of the illustration.

For these reasons, plaintiff is entitled to the refund sought.